Kairen Jewell Stephens v. Richard Miles Stephens
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-085-CV

     IN THE MATTER OF THE MARRIAGE OF

     KAIREN JEWELL STEPHENS,
                                                                         Appellant
     AND

     RICHARD MILES STEPHENS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 5538-97
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Kairen and Richard Stephens filed for divorce and a receiver was appointed. The final
judgment of divorce was signed, and several months later, an order on the disbursement of
funds was signed. Kairen is now attempting to appeal the order of disbursement.


 We dismiss
the appeal for want of jurisdiction.
      Rule 26.1 of the Texas Rules of Appellate Procedure provides:
The notice of appeal must be filed within 30 days after the judgment is signed, except
as follows:
 
(a) the notice of appeal must be filed within 90 days after the judgment is signed if any
party timely files:

***

            (4) a request for findings of fact and conclusions of law ....

Tex. R. App. P. 26.1(a)(4).
        Kairen requested findings of fact and conclusions of law by the trial court in support of
the order of disbursement. Therefore, assuming the order of disbursement was an appealable
order, her notice of appeal was due within 90 days after it was signed. Her notice of appeal
was filed with the trial court clerk 124 days after the order was signed. No motion for
extension of time to file a notice of appeal was filed, and none could be entertained. See Id.
26.3. Had Kairen’s notice of appeal been filed within 15 days from the date it was originally
due, we would have been able to deem it timely filed if we found her explanation for the
notice’s tardiness reasonable. See Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997). 
However, Kairen filed her notice of appeal 34 days late. We cannot suspend any rule to alter
the time for perfecting a notice of appeal in a civil case. Tex. R. App. P. 2.
 

 
      Therefore, we dismiss this cause for want of jurisdiction. Id. 42.3(a).



                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      Justice Vance concurs in the dismissal without a separate opinion
Dismissed
Opinion delivered and filed May 31, 2000
Do not publish