In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00097-CR


______________________________




MICHAEL MARION ALLEN, SR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,598-2001




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Michael Marion Allen, Sr. was indicted on five charges of aggravated kidnapping, (1)
two charges of aggravated assault with a deadly weapon, (2) and one charge of felon in
possession of firearms. (3) By agreement between the State and Allen, all cases were
consolidated for purposes of trial, and in a single hearing, Allen waived formal reading of
the indictments on all charges and pled guilty to all charges and enhancements thereto,
and the trial court found him guilty on each cause. 

 Allen elected to have the jury decide his punishment. The jury returned a verdict
assessing punishment at seventy-five years' imprisonment. The trial court sentenced Allen
in accordance with the jury's verdict. Sentences in all causes were to run concurrently. 
Allen filed a timely notice of appeal. 

 Allen raises two issues on appeal: 1) that the trial court committed reversible error
in failing to sustain his challenge for cause to a prospective juror; and 2) that the trial court
committed reversible error in excluding evidence favorable to him at punishment. One brief
was filed by each party for this case and all companion cases, raising the same issues in
each case.

Disposition

 We have reviewed both briefs and all the arguments raised therein in our opinion
issued this date in Michael Marion Allen, Sr. v. State of Texas, No. 06-01-00096-CR.

 For the reasons stated in that opinion, we affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: April 22, 2002

Date Decided: May 21, 2002


Do Not Publish

1. Nos. 06-01-00096-CR (Trial Court No. 16,597-2001); 06-01-00097-CR (Trial Court
No. 16,598-2001); 06-01-00099-CR (Trial Court No. 16,601-2001); 06-01-00100-CR (Trial
Court No. 16,602-2001); 06-01-00101-CR (Trial Court No. 16,603-2001).
2. Nos. 06-01-00102-CR (Trial Court No. 16,607-2001); 06-01-00103-CR (Trial Court
No. 16,608-2001). 
3. No. 06-01-00098-CR (Trial Court No. 16,599-2001).


serif">V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20522


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Kerry Larnez Rollerson attempts to appeal his convictions and sentences for burglary of a
habitation, theft of a firearm, and felon in possession of a firearm. The trial court's certification of
Rollerson's right to appeal reflects that this was not a plea bargain case and that Rollerson had the
right to appeal. The trial court imposed sentence February 25, 2005.


 No motion for new trial was
filed, and Rollerson did not file his pro se notice of appeal until April 1, 2005. 
            "The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed
notice or extension request, we must dismiss the appeal." In re K.M.Z., No. 2-04-374-CV, 2005 Tex.
App. LEXIS 690, at *2 (Tex. App.—Fort Worth Jan. 27, 2005, no pet.). To perfect an appeal in a
criminal case, the defendant's notice of appeal must be filed within thirty days from the date the trial
court imposes sentence, unless a motion for new trial has been timely filed. Tex. R. App. P.
26.2(a)(1). In this case, Rollerson's pro se notice of appeal was untimely because it was not filed
until more than thirty days after sentence was imposed. 
            Nevertheless, an appellate court may extend the deadline for filing a notice of appeal "if,
within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court
the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." Tex.
R. App. P. 26.3. A motion for extension of time is also implied "when a party, acting in good faith,
files a notice of appeal within the fifteen-day period in which Rule 26.3(a) permits parties to file a
motion for extension of time to file their notice of appeal." K.M.Z., 2005 Tex. App. LEXIS 690, at
*2 (citing Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)); and accord Jacobs v. State, 115
S.W.3d 108, 111–12 (Tex. App.—Texarkana 2003, pet. ref'd) (granting implied motion for
extension, otherwise late notice of appeal was timely filed). Accordingly, if Rollerson timely filed
an extension request with this Court no later than April 13, 2005 (the fifteenth day following the last
date to timely file a notice of appeal), then we have jurisdiction.
            The certificate of service on Rollerson's motion for extension to file a late notice of appeal
shows a date of May 2, 2005, a date that is several weeks beyond the deadline for seeking an
extension to file a notice of appeal. The motion and the notice of appeal, therefore, were both filed
too late to confer jurisdiction on this Court.
            For the reasons stated, we dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 10, 2005
Date Decided:             May 11, 2005

Do Not Publish