SICKING V. SICKING

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-345-CV

MICHAEL CONRAD SICKING APPELLANT

V.

SHELLA DARLENE SICKING APPELLEE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court signed the final divorce decree on November 14, 2001.  Appellant Michael Conrad Sicking pursued a restricted appeal from the divorce decree in which we affirmed the trial court.  
Sicking v. Sicking, 
No. 02-01-00391-CV (Tex. App.—Fort Worth Nov. 27, 2002, pet. denied) (memo op., not designated for publication).  

On November 25, 2003, appellant filed a notice of appeal from the divorce decree and a motion to extend time to file the notice of appeal.  
Tex. R. App. P.
 
26.1, 26.3.  In the motion to extend time, appellant claims he is appealing from a July 25, 2003 trial court order denying his motion for delivery of property.  No such order is included in either the trial court’s or this court’s record.  

On December 12, 2003, we notified appellant that we were concerned this court may not have jurisdiction over this appeal because it appears there is no final judgment.  We also informed appellant that the appeal would be dismissed for want of jurisdiction unless appellant or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal.  In his response, appellant states that, because the divorce decree is a final judgment, he is entitled to appeal the subsequent denial of his motion for delivery of property.  He fails to provide evidence that the trial court took any action on the motion, much less that if it had done so, the order would be a final judgment or appealable interlocutory order.  Thus, he has failed to show grounds for continuing the appeal.  

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal.  
See 
Tex. R. App. P.
 
2, 25.1(b), 26.3; 
Verburgt v. Dorner, 
959 S.W.2d 615, 617 (Tex. 1997) (holding once extension period has passed, a party can no longer invoke an appellate court’s jurisdiction).  Because almost two years passed between the signing of the divorce decree and the filing of appellant’s notice of appeal, the notice of appeal was untimely.

We deny the motion for extension of time to file notice of appeal and dismiss this appeal for want of jurisdiction because the notice of appeal and the extension request were untimely filed. 

PER CURIAM

PANEL D: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:
  February 19, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.