Dismissed and Memorandum Opinion filed April 7, 2005









Dismissed and Memorandum Opinion filed April 7, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00110-CV

____________

 

ROSEMARY JACKSON,
Appellant

 

V.

 

STATE OFFICE OF RISK MANAGEMENT, Appellee

 



 

On Appeal from the
21st District Court

Burleson County,
Texas

Trial Court Cause No. 23,230

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment, signed May 26,
2004.  A premature motion for new trial
was filed on May 10, 2004 (in response to the trial court=s oral rendition on April 5,
2004).  A prematurely filed motion for
new trial is deemed to have been filed on the date of but subsequent to the
time of signing of the judgment.  Tex. R. Civ. P. 306c.  Appellant=s notice of appeal was filed on
October 25, 2004.








When appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed. See Tex. R. App. P. 26.1(a). 
In this case, the ninety-day deadline was August 24, 2004.

Appellant=s notice of appeal was not filed timely.  A motion for extension of time is necessarily
implied when an appellant, acting in good faith, files a notice of appeal
beyond the time allowed by rule 26.1, but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d
615, 617-18 9 (1997) (construing the predecessor to Rule 26).  However, the appellant must offer a
reasonable explanation for failing to file the notice of appeal in a timely
manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt,
959 S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

On March 1, 2005, notification was transmitted to all parties
of the Court=s intent to dismiss the appeal for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.  Attached to appellant=s response is a notice of restricted
appeal information sheet.  This document
contains no file stamp; however, the clerk=s record contains the same document,
with the word Arestricted@ crossed out.  Even if we were to consider appellant=s notice of appeal as a notice of
restricted appeal, which may be filed within six months of the date of
judgment, Tex. R. App. P. 26.1(c),
appellant is not entitled to file a restricted appeal.  Only a party who did not participate in the
hearing that resulted in the judgment complained of and who did not timely file
a postjudgment motion may file a notice of restricted appeal.  Tex.
R. App. P. 30.  In this case,
appellant participated in the trial that resulted in the judgment complained
of, and appellant filed a timely motion for new trial.  Accordingly, the notice of appeal was not
timely filed.

The appeal is ordered dismissed.

PER CURIAM

Judgment rendered and Memorandum
Opinion filed April 7, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.