COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-190-CV
 
 
  
WILBERT 
CLEWIS                                                                  APPELLANT
  
V.
  
SAFECO 
INSURANCE COMPANY OF AMERICA                            APPELLEE
 
  
------------
 
FROM 
THE 96TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Wilbert Clewis attempts to appeal from a trial court judgment affirming a 
decision of the Texas Workers’ Compensation Commission Appeals Panel.  We 
will dismiss for lack of jurisdiction.
        On 
June 3, 2005, this court informed appellant that it was concerned it may not 
have jurisdiction over this appeal because the notice of appeal was untimely 
filed and that the appeal would be dismissed for want of jurisdiction unless 
appellant or any party desiring to continue the appeal filed with the court a 
response showing a reasonable explanation for the late filing of the notice of 
appeal.  Clewis filed a response stating that his motion for new trial was 
heard and denied on December 10, 2004, but he filed several other motions for 
new trial, which the trial court did not set for hearing.  He argues that 
this court has jurisdiction because at the time that he filed his notice of 
appeal, his fifth motion for new trial was still pending.
        Here, 
the trial court's order was signed on October 11, 2004, and Clewis filed a 
motion for new trial on November 4, 2004.  Because a motion for new trial 
must be filed within thirty days after the trial court enters judgment, the only 
timely filed motion for new trial was the one that Clewis filed on November 4, 
2004.  See Tex. R. Civ. P. 
329b(a).  Therefore, Clewis’s notice of appeal was due January 10, 2005, 
but was not filed until May 26, 2005.  See Tex. R. App. P. 26.1(a)(1).
        The 
times for filing a notice of appeal are jurisdictional in this court, and absent 
a timely filed notice of appeal or an extension request, we must dismiss the 
appeal.  See Tex. R. App. P. 
2, 25.1(b), 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) 
(holding that once extension period has passed, party can no longer invoke 
appellate court's jurisdiction).  Accordingly, we dismiss this appeal for 
want of jurisdiction.
   
  
                                                          PER 
CURIAM
 
  
PANEL 
D:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DELIVERED: 
July 14, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.