MEMORANDUM OPINION

No. 04-05-00306-CV

John Bernard WILLIAMS, III,
Appellant

v.

Vincent D. CALLAHAN,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-14620
Honorable Karen H. Pozza, Judge Presiding

PER CURIAM
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Sarah B. Duncan, Justice
 
Delivered and Filed:   July 20, 2005

DISMISSED
            The trial court signed a final judgment on December 7, 2004. Because appellant did not file
a motion for new trial, motion to modify the judgment, motion for reinstatement, or request for
findings of fact and conclusions of law, the notice of appeal was due to be filed on January 6, 2005. 
See Tex. R. App. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on
January 21, 2005. See Tex. R. App. P. 26.3. Although appellant filed a notice of appeal within the
fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time. 
            A motion for extension of time is necessarily implied when an appellant, acting in good faith,
files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time. See Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer
a reasonable explanation for failing to file the notice of appeal in a timely manner. See id.; Tex. R.
App. P. 26.3, 10.5(b)(1)(C).
            On May 25, 2005, this court ordered appellant to file a response by June 9, 2005, presenting
a reasonable explanation for failing to file the notice of appeal in a timely manner. Our order stated
that if appellant failed to respond within the time provided, the appeal would be dismissed. See Tex.
R. App. P. 42.3(c). On June 20, 2005, the court extended the deadline for filing the response to June
24, 2005. No response has been filed. Accordingly, the appeal is dismissed. See Tex. R. App. P.
42.3(c); see also Verburgt, 959 S.W.2d at 617.
                                                                                    PER CURIAM