COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-433-CV

 

 

ELIAS WEHBE, GEORGE WEHBE,                                         APPELLANTS

AND
METROPLEX TOWING

                                                    

V.

 

 

ROBERT NEELY                                                                      APPELLEE

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                              ------------

Appellants Elias
Wehbe, George Wehbe, and Metroplex Towing are attempting to appeal the trial
court=s judgment, entered after a jury verdict in favor of
Appellee Robert Neely.  Because
Appellants= notice of appeal was untimely filed, we will dismiss
the appeal for want of jurisdiction.








The trial court
signed the judgment at issue on August 20, 2007.  Appellants timely filed a motion for new
trial on September 19, 2007.  See Tex. R. Civ. P. 329b(a) (providing that
a motion for new trial shall be filed within thirty days after the judgment is
signed).  Accordingly, Appellants= notice of appeal
was due on or before November 19, 2007.  See
Tex. R. App. P. 26.1(a)(1)
(requiring notice of appeal to be filed within ninety days of the date of the
judgment if a motion for new trial is timely filed by any party).  The appellate court may extend the time to
file the notice of appeal if, within fifteen days after the deadline for filing
the notice of appeal, the appellant actually files the notice of appeal and
also files a motion for extension of time to file the notice of appeal.  See Tex.
R. App. P. 26.3.  Under this
extension provision, Appellants= notice of appeal and motion for extension of time to
file a notice of appeal were due no later than fifteen days after November 19,
2007, that is no later than December 4, 2007. 
But here, Appellants did not file their notice of appeal or their motion
for extension of time to file their notice of appeal until December 6, 2007Ctwo days beyond
the fifteen-day extension period.  See
Tex. R. App. P. 10.5(b), 26.3.








Because Appellants= notice of appeal
appeared to be untimely filed, we notified Appellants on December 18, 2007, of
our concern that this court may not have jurisdiction over their appeal and
informed them that unless they or any party desiring to continue the appeal
filed with the court a response showing a reasonable explanation for the late
filing of the notice of appeal, this appeal would be dismissed for want of
jurisdiction.  See Tex. R. App. P. 10.5(b), 26.3(b),
42.3(a).  Both Appellants and Appellee
filed responses.  Appellants= response concedes
that Appellants mailed both their notice of appeal and their motion for
extension on December 5, 2007, which was the sixteenth day after the notice of
appeal was due.  Thus, Appellants= notice of appeal
is also not timely under the Amail box rule.@  See Tex.
R. App. P. 9.2(b)(1) (providing document may be timely filed if mailed
before the last day for filing).  Times
for filing a notice of appeal are jurisdictional in this court, and absent a
timely filed notice of appeal or an extension request, we must dismiss the
appeal.  See Tex. R. App. P. 25.1(b), 26.3; Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 
Because Appellants= notice of appeal was not timely filed, we dismiss
their appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

SUE WALKER

JUSTICE

 

PANEL D:   CAYCE, C.J.; WALKER
and MCCOY, JJ.

DELIVERED: January 17, 2008











[1]See Tex. R. App. P. 47.4.