COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-433-CV

ELIAS WEHBE, GEORGE WEHBE, APPELLANTS

AND METROPLEX TOWING

V.

ROBERT NEELY APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellants Elias Wehbe, George Wehbe, and Metroplex Towing are attempting to appeal the trial court’s judgment, entered after a jury verdict in favor of Appellee Robert Neely.  Because Appellants’ notice of appeal was untimely filed, we will dismiss the appeal for want of jurisdiction.

The trial court signed the judgment at issue on August 20, 2007.  Appellants timely filed a motion for new trial on September 19, 2007.  
See
 
Tex. R. Civ. P. 
329b(a) (providing that a motion for new trial shall be filed within thirty days after the judgment is signed).  Accordingly, Appellants’ notice of appeal was due on or before November 19, 2007.  
See
 
Tex. R. App. P.
 26.1(a)(1) (requiring notice of appeal to be filed within ninety days of the date of the judgment if a motion for new trial is timely filed by any party).  The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant actually files the notice of appeal and also files a motion for extension of time to file the notice of appeal.  
See
 
Tex. R. App. P.
 26.3.  Under this extension provision, Appellants’ notice of appeal and motion for extension of time to file a notice of appeal were due no later than fifteen days after November 19, 2007, that is no later than December 4, 2007.  But here, Appellants did not file their notice of appeal or their motion for extension of time to file their notice of appeal until December 6, 2007—two days beyond the fifteen-day extension period.  
See
 
Tex. R. App. P.
 10.5(b), 26.3.

Because Appellants’ notice of appeal appeared to be untimely filed, we notified Appellants on December 18, 2007, of our concern that this court may not have jurisdiction over their appeal and informed them that unless they or any party desiring to continue the appeal filed with the court a response showing a reasonable explanation for the late filing of the notice of appeal, this appeal would be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 10.5(b), 26.3(b), 42.3(a).  Both Appellants and Appellee filed responses.  Appellants’ response concedes that Appellants mailed both their notice of appeal and their motion for extension on December 5, 2007, which was the sixteenth day after the notice of appeal was due.  Thus, Appellants’ notice of appeal is also not timely under the “mail box rule.”  
See
 
Tex. R. App. P.
 
9.2(b)(1) (providing document may be timely filed if mailed before the last day for filing).  Times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P. 
25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997).  Because Appellants’ notice of appeal was not timely filed, we dismiss their appeal for want of jurisdiction.  
See
 Tex. R. App. P.
 42.3(a), 43.2(f).

SUE WALKER

JUSTICE

PANEL D: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: January 17, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.