

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-024-CV

ROY PAUL PLATTEL                                                     APPELLANT

V.

ELIZABETH KAMINSKY                                                   APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Roy Paul Plattel is attempting to appeal from the trial court's default judgment. The trial court signed the judgment on October 2, 2007, and appellant timely filed a motion for new trial on November 1, 2007. Therefore, appellant's notice of appeal was due December 31, 2007, *see* TEX. R. APP. P. 26.1(a)(1), but was not filed until January 22, 2008.

---

[1]*See* TEX. R. APP. P. 47.4.

On February 1, 2008, we notified appellant of our concern that the court may not have jurisdiction over the case because the notice of appeal was not timely filed. We informed appellant that the appeal was subject to dismissal for want of jurisdiction unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. Appellant responded by directing us to his "Motion to File Appeal Out of Time" that he filed on January 22, 2008, the same day that he filed his notice of appeal.

We may not suspend the rules of appellate procedure to alter the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2. We may extend the time to file a notice of appeal, however, if a party files its notice of appeal within fifteen days after the deadline and files a motion that reasonably explains the need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3. Once this fifteen-day period has passed, a party can no longer invoke the appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Accordingly, appellant was required to file his notice of appeal by January 15, 2008, to timely imply a request for an extension. He did not file his notice of appeal until January 22, 2008.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* TEX. R. APP. P. 2, 25.1(b); *Verburgt*, 959 S.W.2d at 617.

2

Accordingly, we deny appellant's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  March 6, 2008