IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00162-CV

 

Donald Foster,

                                                                                    Appellant

 v.

 

David P. Weeks,

                                                                                    Appellee

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 24,211

 



memorandum Opinion










 

            Donald Foster appealed the denial of a
writ of mandamus.  According to the trial court clerk’s form attached to the
notice of appeal, the judgment or final order being appealed was rendered on April 10, 2008.  It also appeared from the form that no motion for new trial was filed. 
The notice of appeal was, therefore, due to be filed on May 12, 2008.  Tex. R. App. P. 26.1(a)(1).  Foster’s
notice of appeal was filed by the trial court on May 13, 2008.  

            The Clerk of this Court notified
Foster by letter that the notice of appeal appeared untimely and that his
appeal was subject to dismissal for want of jurisdiction.  Foster was further
informed that a motion for extension of time to file the notice of appeal is
implied if the notice of appeal is filed within 15 days of the date the notice
is due; but Foster must still supply a reasonable explanation for the late
filing of the notice of appeal.  See Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997).  Foster was warned that “the Court may dismiss the
appeal unless, within 21 days from the date of this letter, a response is filed
showing a reasonable explanation for the late filing of the notice of appeal.” 
More than 21 days have passed and Foster has not provided a reasonable
explanation for the late filing of the notice of appeal.

            Additionally, the Clerk of this Court
notified Foster by letter dated May 19, 2008 that a $175 filing fee was due and should be paid within 10 days of that date to prevent dismissal.  The
fee was not paid.  By letter dated May 29, 2008, the Clerk of this Court notified Foster that the filing fee was past due and that unless he obtained
indigent status for the purposes of appeal, the payment of the fling fee was
required.  See Tex. R. App. P.
20.1.  Foster was warned that if the fee was not paid within 10 days from the
date of the letter, the appeal would be presented to the Court for dismissal.  See
Tex. R. App. P. 42.3(c).  More
than 10 days have passed and neither the filing fee has been paid nor has any
document relating to indigent status on appeal been received.

            Further, by letter dated May 27, 2008, the Clerk of this Court notified Foster that the clerk’s record in this
appeal had not been filed because apparently Foster had failed to pay or make
arrangements to pay the clerk’s fee for preparation of the record.  Foster was
warned that he must pay or make arrangements to pay the clerk’s fee and notify
this Court of the actions taken within 21 days from the date of the letter or
the appeal may be dismissed for want of prosecution.  See Tex. R. App. P. 37.3(b).  More than 21 days
have passed and we have not been notified whether Foster paid or made
arrangements to pay the clerk’s fee.

            Accordingly, this appeal is dismissed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed July 16, 2008

[CV06]