Dismissed and Memorandum Opinion filed December 30, 2008








Dismissed
and Memorandum Opinion filed December 30, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00714-CV

____________

 

GATESCO Q.M., LTD. D/B/A QUAIL
MEADOWS APARTMENTS, LTD., Appellant

 

V.

 

CITY OF HOUSTON AND BILL WHITE,
INDIVIDUALLY, Appellees

 



 

On Appeal from the
133rd District Court

Harris County, Texas

Trial Court Cause No.
2007-00576

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed June 1,
2007. The record
reflects the notice of appeal was not timely filed. 








This
attempted appeal is an interlocutory appeal[1]
from an order granting a plea to the jurisdiction by a governmental unit.  Tex.
Civ. Prac. & Rem. Code ' 51.014.  Pursuant to Tex. R. App. P. 28.1, an appeal from an
interlocutory order is accelerated and a motion for new trial will not extend
the time to perfect the appeal.  Accordingly, appellant=s notice of appeal was due within
twenty days of June 1, 2007, the day the order was signed.  Tex. R. App. P.
26.1(b).  The notice of appeal was filed August 24, 2007.

Appellant=s notice of appeal was not filed timely. A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen-day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617-18 (Tex. 1997) (construing the predecessor to rule 26).  However, the
appellant must offer a reasonable explanation for failing to file the notice of
appeal in a timely manner.  See Tex.
R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959 S.W.2d at 617-18. 
Appellant=s notice of appeal was not filed within the
fifteen-day period provided by rule 26.3

On November 10, 2008, notification was transmitted to all
parties of the court=s intent to dismiss the appeal for want of
jurisdiction.  See Tex. R. App.
P. 42.3(a).  Appellant filed no response.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Justices
Anderson, Frost, and Hudson[2].










[1]  The record reflects this is not a final judgment
since Bill White remains a defendant in the case below.





[2]  Senior Justice J. Harvey Hudson sitting by
assignment.