COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-474-CV

1998 DODGE 1500 PICK UP, APPELLANT

TEXAS TAG #04M-FV4, 

VIN #3B7HC13Z6WG208091 

V.

THE STATE OF TEXAS APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Wayne Wilson attempts to appeal from a final judgment  forfeiting his interest in a white 1998 Dodge 1500 Pick Up, Texas Tag #04M-FV4, VIN #3B7HC13Z6WG208091 to the State.
(footnote: 2)  
Because Wilson’s notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.
 

The trial court signed the judgment at issue on August 18, 2008.  Accordingly, Wilson’s notice of appeal was due thirty days later on September 17, 2008.  
See 
Tex. R. App. P. 26.1
 (providing that the notice of appeal must be filed within thirty days after the judgment is signed).
(footnote: 3) 
 Wilson filed his notice of appeal on December 5, 2008.

Because Wilson’s notice of appeal appeared to be untimely filed, we notified him on December 15, 2008, of our concern that this court might not have jurisdiction over his appeal.  We informed him that unless he or any party desiring to continue the appeal filed with the court, on or before December 29, 2008, a response showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction.  
See
 Tex. R. App. 
P.
 42.3(a), 44.3.  

Wilson filed a response on December 31, 2008, but he failed to show any grounds for continuing the appeal.  
Times for filing a notice of appeal are mandatory and jurisdictional, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal.  
See
 Tex. R. App. P. 25.1(b), 26.1, 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997)
.
  
Because Wilson’s notice of appeal was not timely filed, we dismiss his appeal for want of jurisdiction.  
See
 
Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED:
 February 5, 2009

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
See
 Tex. Code Crim. Proc. Ann. arts. 59.01, .06 (Vernon Supp. 2008), arts. 59.02–.05 (Vernon 2006).

3:
There are exceptions to the thirty-day requirement, but none apply here.  
See
 Tex. R. App. P. 26.1(a)(1)–(4), 26.1(c), 26.3, 30.