



# MEMORANDUM OPINION

No. 04-10-00754-CV

**IN RE** Trust Created Under the Last Will and Testament of Leslie Duncan **MAURER**

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2009-PC-3521
Honorable Polly Jackson Spencer, Judge Presiding

PER CURIAM

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:  December 29, 2010

DISMISSED FOR LACK OF JURISDICTION

On July 6, 2010, the trial court signed a final judgment in this case. On July 23, 2010, appellant filed a timely request for findings of fact and conclusions of law. Therefore, the notice of appeal was due to be filed on October 4, 2010. *See* Tex. R. App. P. 26.1(a). And, a motion for extension of time to file the notice of appeal was due on October 19, 2010. *See* Tex. R. App. P. 26.3. However, appellant did not file its notice of appeal until October 20, 2010. Similarly, appellant did not file a motion for extension of time until October 20, 2010.[1]

---

[1] In its motion to extend time, appellant clearly states that the notice of appeal and the motion to extend time were filed on October 20, 2010. Likewise, the certificate of service on both the notice of appeal and motion to extend time indicate that the notice of appeal and motion to extend time were forwarded to opposing counsel on October 20, 2010.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) (construing the predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*

Because appellant's motion to extend time to file its notice of appeal was untimely filed, we denied appellant's motion to extend time to file its notice of appeal on November 10, 2010. And, because appellant's notice of appeal was filed late and was not filed within the fifteen-day grace period provided by Rule 26.3, we ordered appellant to show cause in writing by November 29, 2010 why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM