In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00336-CV
_____

**BEATRICE PITRE, Appellant**

**V.**

**ROBERT FORWARD SR., INDEPENDENT EXECUTOR OF THE ESTATE OF
MARIE MAHATHY FORWARD, Appellee**

**On Appeal from the County Court
Jefferson County, Texas
Trial Cause No. 97905**

### ORDER

The appellee filed a motion to dismiss the appeal, and the appellant filed a response. The appellate timetables commenced with the signing of the judgment on June 12, 2012. A motion for new trial was filed before that date, on June 8, 2012, by a person the appellee asserts was not a party in the case before the trial court. *See generally* Tex. R. Civ. P. 329b(a) (a motion for new trial may be filed prior to judgment); Tex. R. App. P. 26.1 (the timely filing of a motion for new trial by any party extends the time for filing notice of appeal to ninety days after the date the judgment is signed). Assuming the

1

motion for new trial did not effectively extend the time for filing a notice of appeal because it was not filed by a party to the case, the notice of appeal was due on July 12, 2012. A notice of appeal was filed on July 27, 2012 by "Mary Pitre" but on July 31, 2012, appellant amended the notice of appeal to state that the appeal is being brought by the appellant, Beatrice Pitre. *See* Tex. R. App. P. 25.1(g) (a notice of appeal may be amended at any time before the appellant's brief is filed). The appellant's response establishes that the wrong name appeared on the notice of appeal by mistake.

Appellant's response demonstrates that either the notice of appeal was timely filed, or if it was not timely filed the delay was due to inadvertence or mistake. A notice of appeal was filed with the clerk of the trial court on July 24, 2012, within fifteen days of the last day allowed for perfecting appeal, and the notice was subsequently amended to correct the name of the party perfecting appeal.

The Court finds the appellant filed notice of appeal within fifteen days of the last day allowed for perfecting an appeal, and further finds the appellant has reasonably explained the need for an extension of time to perfect appeal. *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex. 1997). Therefore, the Court GRANTS an extension of time to July 27, 2012, to perfect appeal. Tex. R. App. P. 26.3. The appellee's motion to dismiss the appeal is DENIED.

ORDER ENTERED December 6, 2012.

PER CURIAM

Before McKeithen, C.J., Gaultney and Kreger, JJ.

2