**Motion Granted; Appeal Dismissed and Memorandum Opinion filed September 19, 2013.**

In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00702-CV

---

### WILLIAMS H. SMITH, JR., Appellant

### V.

### AMERICAN GENERAL LIFE INSURANCE CO. AND DISABILITY INSURANCE SPECIALIST, LLC, AS AGENT AND EMPLOYEE OF AMERICAN GENERAL LIFE INSURANCE CO., Appellees

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2011-36144**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed February 18, 2013. A motion for new trial was timely filed. Appellant's notice of appeal was filed August 2, 2013.

When appellant has filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law, the notice of appeal must be filed within ninety days after the date the judgment is

signed. *See* Tex. R. App. P. 26.1(a). Appellant's notice of appeal was not filed timely.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the fifteen-day period provided by Rule 26.3.

On August 22, 2013, appellees filed a motion to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant's response urges that this Court does not have jurisdiction because the trial court's summary judgment order is an interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). Because the trial court's intent to adjudicate all claims and parties appears on the face of the order, we disagree that the order appealed from is interlocutory. *Id.* (holding that "[a]n express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication").

Appellant's response otherwise fails to demonstrate that the notice of appeal in this cause was timely filed or filed within the applicable grace period. Therefore, we are without jurisdiction to entertain the appeal.

Accordingly, the motion is granted and the appeal is ordered dismissed.


PER CURIAM


Panel consists of Boyce, McCally and Busby.

2