Brenda J. HOLMES, Petitioner,

v.

HOME STATE COUNTY MUTUAL INSURANCE COMPANY and Rodney D. Young Insurance Company, Respondents.

No. 97–0478.

Supreme Court of Texas.

Dec. 4, 1997.

Rehearing Overruled Feb. 13, 1998.

Randy Gathany, David W. Rogers, San Antonio, for Petitioner.

Craig C. Radtke, Boerne, for Respondents.

SPECTOR, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, HECHT and OWEN, Justices, join.

In this case we consider whether the court of appeals erred in dismissing an appeal for want of jurisdiction based on a failure to file timely a motion for an extension of time to file a cost bond. Following this Court's ruling today in *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997), we reverse the judgment of the court of appeals.

Brenda Holmes filed a DTPA action against San Antonio Pontiac, Inc., EZ Plan, Inc., Home State County Mutual Insurance Company, and Rodney D. Young Insurance Agency. On October 8, 1996, the trial court granted summary judgment to two defendants, Home State and Rodney D. Young, and severed Holmes's claims against them. The last day for Holmes to perfect an appeal of this summary judgment or to extend the

---

appellate timetable by filing a motion for new trial was November 7, 1996. *See* Tex.R.App. P. 41(a)(1) (Vernon Supp.1997, repealed 1997).[1] Holmes filed a motion for new trial on November 8, and an appeal bond on November 21, 1996. Believing that her motion for new trial had been timely filed, Holmes did not file a motion for extension of time to file this appeal bond. *See id.* 41(a)(2) (Vernon Supp.1997, repealed 1997). The court of appeals dismissed the appeal for want of jurisdiction. 959 S.W.2d 615.

Based on our holding today in *Verburgt,* we hold that the court of appeals erred in dismissing the appeal because Holmes impliedly moved for an extension of time by filing her appeal bond within the time allowed by former Rule 41(a)(2) of the Texas Rules of Appellate Procedure. Accordingly, under Rule 59.1 of the Rules of Appellate Procedure, the Court grants Holmes's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals. We remand the case to that court to allow it to determine whether Holmes offered a reasonable explanation for her failure to timely file her cost bond. *See* Tex.R.App. P. 41(a)(2) (Vernon Supp.1997, repealed 1997).

ENOCH, BAKER, ABBOTT and HANKINSON, JJ., note their dissent.

---

1. The Texas Rules of Appellate Procedure were renumbered and substantially revised on September 1, 1997. *See* 60 Tex. B.J. 876 (1997).