John VERBURGT, individually and a/n/f
of Thomas Verburgt, Timothy Verburgt
and Joseph Verburgt, Petitioners,

v.

Patricia M. DORNER and the Methodist
Mission Home, Respondents.

No. 96–1026.

Supreme Court of Texas.

Argued April 24, 1997.

Decided Dec. 4, 1997.

Rehearing Overruled Feb. 13, 1998.

Jaay D. Neal, San Antonio, for Petitioners.

Edward C. Mainz, Jr., San Antonio, Laurence E. Best, Steven D. Naumann, Houston, for Respondents.

SPECTOR, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT and OWEN, Justices, join.

In this case, we decide whether the court of appeals erred in dismissing an appeal for want of jurisdiction. The appellant, John Verburgt, filed a cost bond on the thirty-fourth day after the trial court rendered judgment against him. Verburgt mistakenly believed that he had timely complied with Rule 41(a)(1) of the Rules of Appellate Procedure in filing the bond and did not concurrently move to extend the time to file under Rule 41(a)(2).[1] We hold that a motion for extension of time is implied when a party, acting good faith, files a cost bond within the fifteen-day period in which Rule 41(a)(2) permits parties to file a motion to extend. We therefore reverse the judgment of the court of appeals and remand to that court.

Verburgt, in his individual capacity and as his children's next friend, sued Constance Clear, Patricia Dorner, and the Methodist Mission Home for intentional infliction of emotional distress and negligent interference with familial relationships. After Verburgt nonsuited Clear, the trial court granted summary judgment for the remaining defendants. The judgment was signed on October 10, 1995. Because no motion for new trial was filed, Verburgt's cost bond was due within thirty days, by November 9th. *See* TEX. R.APP. P. 41(a)(1).[2] Verburgt did not file the

---

1. The Texas Rules of Appellate Procedure were renumbered and substantially revised on September 1, 1997. *See* 60 TEX. B.J. 876 (1997). All references to the Rules of Appellate Procedure in this opinion are to the rules in effect before that date.

2. Rule 41(a)(1) provides:

When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party or if any party has timely filed a request for findings of

bond until November 13th, nor did he file a motion to extend the time to file the bond within fifteen days of the bond's due date. *See* Tex.R.App. P. 41(a)(2).[3]

Several weeks later, the court of appeals ordered Verburgt to show cause why it should not dismiss his appeal for lack of jurisdiction. Verburgt's response demonstrated that his counsel had simply miscalculated the date the bond was due. *See* 928 S.W.2d 654, 655. Initially, the court of appeals decided to retain jurisdiction of Verburgt's appeal. But on rehearing *en banc*, the court reversed itself.

The court of appeals in this case recognized the "patent unfairness" of the result it reached:

> We are, therefore, confronted with the question of whether the appellate rules condone a result that allows a litigant who knows he is late with his bond to save his appeal, but rejects the appeal of the litigant who erroneously, but in good faith, believes he has timely filed his bond and, thus satisfied, also believes he has no need to file for an extension of time.

*Id.* Although it acknowledged the arbitrariness of dismissal under these circumstances, the court of appeals nevertheless believed that the interest in finality of judgments outweighed the policy of disposing of appeals on their merits. *Id.* at 656.

In dismissing Verburgt's appeal, the appellate court also relied largely upon a decision by the Court of Criminal Appeals, *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim.App.1996). But the Court of Criminal Appeals itself recognized in *Olivo* that its approach to the

perfection of appeals in criminal cases has differed significantly from our more liberal approach. *See id.* at 524–25; *compare Jones v. State*, 796 S.W.2d 183, 186–87 (Tex.Crim. App.1990) (holding that Rule 83 of the Texas Rules of Appellate Procedure did not entitle appellant who filed defective notice of appeal to amend notice beyond the time allowed by Rule 41(a)(2) when the appellant had not requested an extension of time under Rule 41(b)(2)) *with Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (holding that an appellate court may not dismiss an appeal when the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error).

This Court has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal. We have repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994); *Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500. Our decisions reflect the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects.[4] *See Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500. Thus, we have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the

---

fact and conclusions of law in a case tried without a jury. If a deposit of cash is made in lieu of bond, the same shall be made within the same period.

**3.** Rule 41(a)(2) provides:

> An extension of time may be granted by the *appellate court for late filing of a cost bond or* notice of appeal or making the deposit required by paragraph (a)(1) or for filing the affidavit, if such bond or notice of appeal is filed, deposit is made, or affidavit is filed not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension. If a contest to an affidavit in lieu of bond is sustained, the

time for filing the bond is extended until ten days after the contest is sustained unless the trial court finds and recites that the affidavit is not filed in good faith.

**4.** Under Rule 46(f), on motion to dismiss an appeal for a defect in form or substance in any bond, "the appellate court may allow the filing of a new bond or the making of a new deposit in the trial court on such terms as the appellate court may prescribe." Rule 83 provides that "[a] judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities...."

right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *See Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993); *see also Crown Life Ins. Co. v. Estate of Gonzalez,* 820 S.W.2d 121, 121–22 (Tex.1991); *Gay v. City of Hillsboro,* 545 S.W.2d 765, 766 (Tex. 1977).

As the dissenting justice in the court of appeals pointed out, the result the court of appeals reached was not "absolutely necessary" under these facts. 928 S.W.2d at 657 (Duncan, J., dissenting) ("[T]he issue is not whether the rules *condone* a patently unfair result but whether they *require* it.") (emphasis in original). Here, the court of appeals acknowledged that Verburgt demonstrated that he had made a bona fide attempt to timely perfect an appeal. *See id.* at 655.

We hold that a motion for extension of time is necessarily implied when an appellant acting in good faith files a bond beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(a)(2). Our holding does not indefinitely extend the time in which parties may perfect an appeal, as Justice Enoch implies. Instead, once the period for granting a motion for extension of time under Rule 41(a)(2) has passed, a party can no longer invoke the appellate court's jurisdiction. It also does not alter the time for perfecting an appeal beyond the period authorized by Rule 41(a). Nor does our holding undermine finality of judgments, as the

court of appeals believed. *See* 928 S.W.2d at 656. Parties who prevail in the trial court will still know within the time specified in Rule 41(a)(2) whether their opponents will seek to perfect an appeal. We decline to elevate form over substance, as the dissenters would.

Accordingly, we reverse the judgment of the court of appeals and remand to that court to allow it to determine whether Verburgt offered a reasonable explanation for his failure to timely file his bond. *See* TEX.R.APP. 41(a)(2).[5]

ENOCH, Justice, joined by ABBOTT and HANKINSON, Justices, dissenting.

From today forward, one need no longer timely appeal to invoke an appellate court's jurisdiction. But just two months ago, this Court retained the longstanding rule that only a timely filed appeal invokes appellate jurisdiction.[1] We insisted that to perfect appeal in a civil case, the notice of appeal *must* be filed within the time prescribed in the rules. *See* TEX.R.APP. P. 26.1. Further, we insisted that to extend the time in which to file the notice of appeal, one must file *not only* the notice of appeal, *but in addition* "a motion" that "*must* state: ... [among other things] the facts relied on to reasonably explain the need for an extension." TEX.R.APP. P. 26.3, 10.5(b)(1)(C). Like our new rules, the plain language of the rule that applies to this case, Rule 41(a)(2), mandates that the appeal be timely; consequently, it compels the result the court of appeals reached in this

---

5. The Texas Supreme Court cases cited by the dissenters are distinguishable from this case. In *Davies v. Massey,* the appellant mailed his cost bond a day before it was due, but the bond was received eight days late. 561 S.W.2d 799, 800 (Tex.1978). We held that the appellant timely perfected his appeal under Rule 5 of the Texas Rules of Civil Procedure. *Id.* at 801. It presents no inconsistency with this case. *Glidden Company v. Aetna Casualty & Surety Company* was a 1956 case in which the Court held that the court of appeals should have dismissed an appeal in which the appellant filed its bond one day late. 155 Tex. 591, 291 S.W.2d 315, 317 (1956). At the time we decided *Glidden,* the rules allowed for no extension of time to file a cost bond, regardless of good cause. *See id.* 291 S.W.2d at 318 ("It is well settled, that the requirement that the bond be filed within thirty days is mandatory and jurisdictional, and that the time prescribed

cannot be dispensed with or enlarged by the court for any reason."). We disapprove of *Miller v. Miller,* 848 S.W.2d 344 (Tex.App.—Texarkana 1993, no writ), *El Paso Sharky's Billiard Parlor, Inc. v. Amparan,* 831 S.W.2d 3 (Tex.App.—El Paso 1992, writ denied), and any other authorities in which the court of appeals has dismissed an appeal when the appellant has made a bona fide attempt to invoke the appellate court's jurisdiction by filing a bond within the fifteen days of the date the bond was due.

1. In addition, we specifically stated that while other appellate rules may be suspended from time to time for good cause, "an appellate court may ... *not* ... alter the time for perfecting an appeal in a civil case." TEX.R.APP. P. 2 (emphasis added).

case. Is this a bad result? For the hopeful appellant, perhaps (assuming that the appeal is, in fact, meritorious). But denuding the Court's rules to achieve the Court's chosen result is bad law. I dissent.

Rule 41(a)(2) permits a party who fails to timely appeal to seek an extension of time. But to do so, the party has to file, within fifteen days of the original due date, *both* the cost bond *and* a motion for extension of time reasonably explaining the need for the extension. The majority's holding, that an "implicit motion" is filed if a would-be appellant files late and files only a cost bond, 959 S.W.2d at 615, simply ignores the rule's requirement that *both* instruments must be filed. Moreover, Rule 41(a)(2) gives the court of appeals discretion whether to allow an extension of time, but this discretion is triggered only by the filing of a motion reasonably explaining the need for the extension. In the absence of a motion, the court of appeals' discretion is never invoked and the late–filed cost bond has no effect. Here, Verburgt did not file a motion to extend time, and he did not file the cost bond timely. He simply did not do what Rule 41(a)(2) clearly requires.

The Court does not cite a single case holding that the untimely filing of an appeal can still be a *bona fide* attempt to invoke the court of appeals' jurisdiction. To the contrary, we have consistently and routinely held that the appeal must be filed timely. *See Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978) ("Filing a cost bond ... is a necessary and jurisdictional step in perfecting an appeal."); *Glidden Co. v. Aetna Cas. & Sur. Co.*, 155 Tex. 591, 291 S.W.2d 315, 318 (1956) ("It is well settled ... that the requirement that the bond be filed within thirty days is mandatory and jurisdictional."). Indeed, the court of appeals' decision in this case is predicated on this crucial point:

[W]hile the supreme court has liberally construed the rules regarding the instruments necessary to confer jurisdiction, we do not discern a retreat in that court from the fundamental requirement that in order to invoke the jurisdiction of the court of appeals, some instrument, whether or not it is the correct instrument, must be timely filed.

928 S.W.2d at 656 (explaining two decisions on which the Court relies today: *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994) and *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991)); *see also Olivo v. State*, 918 S.W.2d 519, 524 (Tex.Crim.App.1996) (correctly noting that the "liberal policy" espoused by this Court in *Linwood* and *Grand Prairie* "concerns the substitution of a correct instrument for an incorrect instrument, *which has been timely filed* ").

I agree with the majority that "appellate courts should not dismiss an appeal for a procedural defect whenever any *arguable interpretation* of the Rules of Appellate Procedure would preserve the appeal ." 959 S.W.2d at 616 (emphasis added)(citing *Linwood* and *Grand Prairie* ).[2] But surely that interpretation must be *arguable*. Interpreting Rule 41(a)(2) in contradiction to its plain language is not arguable; indeed, it is remarkably harmful to the concept of justice.

Under any number of circumstances, time plays a critical role in justice. For example, statutes of limitation and repose exist to ensure that claims are made in a timely fashion. *See, e.g., Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 263 (Tex.1994) ("We start with the unassailable premise that statutes of limitation, in general, serve a public function. They 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses

---

**2.** In fact, the thrust of our new rules is to eliminate the procedural traps often encountered under our former rules. *See* Nathan L. Hecht & E. Lee Parsley, *Procedural Reform: Whence and Whither, in* Matthew Bender C.L.E., Practicing Law Under the New Rules of Trial and Appellate Procedure 1–12 (Nov.1997) (explaining that the 1997 revisions to the rules of appellate procedure "are meant to take the traps out of TRAP"). In its

understandable zeal to get rid of "traps," however, the majority unfortunately has lost sight of the significant concept of timeliness as a prerequisite to proper invocation of the court of appeals' jurisdiction. As indicated above, even the new rules of appellate procedure require, as they must, that a party must be *timely* to invoke the court of appeals' jurisdiction.

are available and the evidence is fresh in their minds.' ") (quoting *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.1977)). Timely exercise of one's appellate rights is no less significant to predictability, and consequently, to justice. Failure to timely file an appeal has always been a *jurisdictional* error that precludes an appellate court from reaching the merits. *See Davies*, 561 S.W.2d at 801; *Glidden*, 291 S.W.2d at 318. It rightfully should remain so.

The majority's flawed reasoning is also apparent from the cases it cites. In *Linwood* and *Grand Prairie*, we held that a party's *bona fide* attempt to invoke the appellate court's jurisdiction will preserve its appeal. What is clearly apparent in these opinions is that the procedural defect, which rendered the party's effort at appeal only a *bona fide* attempt, was correctable. Concomitantly, the hopeful appellant had the obligation to correct this defect. But how would one correct untimeliness? One can't. Neither of these cases remotely signals a retreat from the principle that a party must *timely* appeal to invoke the court's jurisdiction.

The majority responds to my criticism by claiming that its decision "does not indefinitely extend the time in which parties may perfect an appeal" because parties supposedly "will still know within the time specified in Rule 41(a)(2) whether their opponents will seek to perfect an appeal." 659 S.W.2d at 617. My colleagues demonstrate that they do not understand what they do. The "indefiniteness" has nothing to do with not knowing whether an appeal will be filed within thirty days or forty-five days. It has everything to do with not knowing when the Court will simply "imply" a condition that never occurred to reach the result it prefers. When next will the Court "imply" filings that were never made? If the clear language of its own rules does not constrain the Court, then what will? If this is not "indefinite,"

then perhaps I do not understand the meaning of the word.

Finally, the majority mistakenly believes that ignoring its own rules somehow enhances "fairness." Playing by the rules is fair. Changing the rules to produce a particular result is not.

The judgment of the court of appeals should be affirmed. I dissent.[3]

BAKER, Justice, dissenting.

The court of appeals reached the decision required by applying the plain and unambiguous language of Rule 41(a)(2). *See* Tex. R.App. P. 41(a)(1) and (2); *Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978); *Glidden Co. v. Aetna Cas. & Sur. Co.*, 155 Tex. 591, 291 S.W.2d 315, 318 (1956); *see also Miller v. Miller*, 848 S.W.2d 344, 345 (Tex.App.—Texarkana 1993, no writ); *El Paso Sharky's Billiard Parlor, Inc. v. Amparan*, 831 S.W.2d 3, 5 (Tex.App.—El Paso 1992, writ denied).

The Court's opinion dispenses with Rule 41(a)(2)'s requirements, and amends the rule by judicial fiat. The Court's opinion is contrary to its own precedent. *See State Dept. of Highways & Public Transportation v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992)( "[W]e do not revise our rules by opinion."); *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex.1992)(same). I would deny the writ [1]. Because the Court decides otherwise, I dissent.

---

**3.** Like Justice Baker, I also dissent to *Verburgt's* companion cases. *See Harlan v. Howe State Bank*, 958 S.W.2d 380 (Tex.1997); *Holmes v. Home State County Ins.*, 958 S.W.2d 381 (Tex. 1997); *Boyd v. American Indem. Co.*, 958 S.W.2d 379 (Tex.1997) (Justice Hankinson, who joins me in this dissent, is not sitting in *Boyd*, and therefore joins this footnote only as it relates to *Harlan* and *Holmes* ).

**1.** I also dissent to *Verburgt's* companion cases. *See Boyd v. American Indem. Co.*, 958 S.W.2d 379 (Tex.1997); *Harlan v. Howe State Bank*, 958 S.W.2d 380 (Tex.1997); *Holmes v. Home State County Ins.*, 958 S.W.2d 381 (Tex.1997).