COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-453-CV

DAVID SCOT LYND APPELLANT

V.

NORTHWOOD MHC, L.P. APPELLEE

D/B/A NORTHWOOD

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Scot Lynd filed a notice of appeal stating that he wanted to appeal the trial court’s order granting appellee Northwood MHC, L.P. d/b/a Northwood a temporary injunction against appellant.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(4) (Vernon Supp. 2007).  Because appellant’s notice of appeal was not timely filed, we dismiss the appeal for want of jurisdiction.

The trial court signed its order granting a temporary injunction on September 27, 2007.  Appellant did not file any motions that would have extended the appellate deadlines; thus, appellant’s notice of appeal was due October 17, 2007.  
See
 
Tex. R. App. P.
 26.1(b), 28.1.  Appellant did not file a notice of appeal until December 12, 2007.

On January 3, 2008, we notified appellant of our concern that we may not have jurisdiction over the appeal and informed him that unless he or any party desiring to continue the appeal filed with this court a response on or before January 14, 2008 showing a reasonable explanation for the late filing of the notice of appeal, this appeal would be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 44.3.

Appellant filed a response indicating that he was not trying to appeal from the trial court’s order granting a temporary injunction but, rather, the trial court’s denial of his motion to compel discovery from appellee.  Appellant has not tendered or filed any written order from the trial court denying his motion to compel.
(footnote: 2)  Regardless, we do not have jurisdiction over appeals from such interlocutory orders.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014; 
Rudder v. Hannah
, No. 02-04-00112-CV, 2004 WL 1176655, at *1 (Tex. App.—Fort Worth May 27, 2004, no pet.) (mem. op.).

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P.
 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997).  Because appellant’s notice of appeal was not timely filed, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P
. 42.3(a), 43.2(f).

                                                     PER CURIAM

PANEL D:  LIVINGSTON, DAUPHINOT, and HOLMAN, J.J.

DELIVERED: February 28, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Upon this court’s inquiry, the Denton County clerk confirmed that no such order had been filed in the records of the case.