COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-227-CV

$2,764.00 CURRENT MONEY APPELLANT

OF THE UNITED STATES AND

VARIOUS PERSONAL PROPERTY

V.

THE STATE OF TEXAS APPELLEE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

David Barela is attempting to appeal a post-answer default judgment of property forfeiture dated April 2, 2007.  Barela did not file his notice of appeal until May 28, 2008, over a year after the date of the judgment.  Because appellant did not file any motions that would have extended the appellate deadlines, his notice of appeal was due May 2, 2007.
(footnote: 2)  
See
 
Tex. R. App. P.
 26.1(a).

On July 1, 2008, we notified appellant of our concern that we might not have jurisdiction over the appeal and informed him that unless he or any party desiring to continue the appeal filed with this court a response on or before July 11, 2008 showing a reasonable explanation for the late filing of the notice of appeal, this appeal would be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 44.3.  The State filed a motion to dismiss on July 2, 2008.  Appellant filed a response indicating that he received timely notice of the judgment but contending that because he was unaware of the appellate deadlines, the appeal should be continued.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P.
 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997).  Because appellant’s notice of appeal was 

not timely filed, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P
. 42.3(a), 43.2(f).

                                                     

PER CURIAM

PANEL:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: August 21, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant’s notice of appeal is also untimely for purposes of a restricted appeal.  
See
 
Tex. R. App. P.
 26.1(c).