COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-474-CV

 

 

1998 DODGE 1500 PICK UP,                                                APPELLANT

TEXAS TAG #04M-FV4, 

VIN #3B7HC13Z6WG208091

 

                                                   V.

 

THE STATE OF TEXAS                                                            APPELLEE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant David Wayne Wilson attempts to appeal
from a final judgment forfeiting his interest in a white 1998 Dodge 1500 Pick
Up, Texas Tag #04M-FV4, VIN #3B7HC13Z6WG208091 to the State.[2]  Because Wilson=s notice
of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

The trial court signed the judgment at issue on
August 18, 2008.  Accordingly, Wilson=s notice
of appeal was due thirty days later on September 17, 2008.  See Tex. R. App. P. 26.1 (providing
that the notice of appeal must be filed within thirty days after the judgment
is signed).[3]  Wilson filed his notice of appeal on December
5, 2008.

Because Wilson=s notice
of appeal appeared to be untimely filed, we notified him on December 15, 2008,
of our concern that this court might not have jurisdiction over his
appeal.  We informed him that unless he
or any party desiring to continue the appeal filed with the court, on or before
December 29, 2008, a response showing grounds for continuing the appeal, this
appeal would be dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 44.3.








Wilson filed a response on December 31, 2008, but
he failed to show any grounds for continuing the appeal.  Times for filing a notice of appeal are
mandatory and jurisdictional, and absent a timely filed notice of appeal or
extension request, we must dismiss the appeal. 
See Tex. R. App. P. 25.1(b), 26.1, 26.3; Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997).  Because
Wilson=s notice
of appeal was not timely filed, we dismiss his appeal for want of
jurisdiction.  See Tex. R. App. P.
42.3(a), 43.2(f).

 

PER
CURIAM

 

PANEL:  MCCOY, J.; CAYCE, C.J.;
and MEIER, J.

DELIVERED: February 5, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc.
Ann. arts. 59.01, .06 (Vernon Supp. 2008), arts. 59.02B.05 (Vernon 2006).





[3]There are exceptions to
the thirty-day requirement, but none apply here.  See Tex. R. App. P. 26.1(a)(1)B(4), 26.1(c), 26.3, 30.