COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-09-135-CV

ARLIENE MOORE APPELLANT

V.

HAROLD MICHAEL MOORE APPELLEE

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Arliene Moore attempts to appeal the trial court’s final decree of divorce dissolving her marriage to appellee Harold Michael Moore.  Because appellant’s notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

The trial court signed the judgment at issue on January 9, 2009.  Appellant filed a motion for new trial on February 6, 2009.  Accordingly, appellant’s notice of appeal was due April 9, 2009, or within ninety days of January 9, 2009.
(footnote: 2)  Appellant filed her notice of appeal on May 5, 2009.

Because appellant’s notice of appeal appeared to be untimely filed, we notified her on May 14, 2009, of our concern that this court might not have jurisdiction over her appeal.  We informed her that unless she or any party desiring to continue the appeal filed with the court, on or before Tuesday, May 26, 2009, a response showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction.
(footnote: 3)  No response has been filed by any party.

Times for filing a notice of appeal are mandatory and jurisdictional, and, absent a timely filed notice of appeal or extension request, we must dismiss the appeal.
(footnote: 4)  Because appellant’s notice of appeal was not timely filed, we dismiss her appeal for want of jurisdiction.
(footnote: 5)
 PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  June 18, 2009 

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
See 
Tex. R. App. P. 26.1(a)(1)
 (providing that the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files a motion for new trial).  There are exceptions to this requirement, but none apply here.  
See
 Tex. R. App. P. 26.1(c), 26.3, 30.

3:
See
 Tex. R. App. 
P.
 42.3(a), 44.3. 

4:
See
 Tex. R. App. P. 25.1(b), 26.1, 26.3; 
see also Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997).

5:
See
 Tex. R. App. P. 42.3(a), 43.2(f).