

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00630-CV

Rowland J. **MARTIN**,
Appellant

v.

**BEXAR COUNTY**, City of San Antonio, and San Antonio Independent School District,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-19099
Honorable John D. Gabriel, Jr., Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  October 8, 2014

MOTION TO DISMISS GRANTED; APPEAL DISMISSED FOR WANT OF JURISDICTION

Appellant Rowland J. Martin appears to be appealing an order granting a motion to dismiss filed by appellees Bexar County, City of San Antonio, and San Antonio Independent School District, which was signed by the trial court on May 13, 2014. It does not appear appellant timely filed a motion that would extend the deadline for perfecting an appeal. *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a). Thus, the notice of appeal was due June 12, 2014, or a motion for extension of time to file the notice of appeal was due fifteen days later on June 27, 2014. *See* TEX. R. APP. P. 26.1, 26.3. It does not appear appellant filed a timely notice of appeal or a motion for

extension of time to file the notice of appeal. However, on September 3, 2014, appellant filed what he indicates is an "amended" notice of appeal, but no "original" notice can be located.

Because it appeared we lacked jurisdiction over this matter, we ordered appellant to file a written response showing cause why this appeal should not be dismissed for lack of jurisdiction. We advised appellant that if he failed to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). Additionally, on September 30, 2014, appellees filed a motion to dismiss the appeal, arguing appellant failed to timely file his notice of appeal.

On September 22, 2014, appellant filed a "Motion for Reconsideration and for Deferred Payment of Costs Pursuant to Rule 5 or Extension of Time to Pay Filing Fees." We shall construe this motion as appellant's response to our show cause order. In his response, appellant seems to suggest he filed a post-trial motion that would extend the deadline for the filing of his notice of appeal. He has not, however, provided this court with a copy of any document filed within the deadlines for filing such documents. Moreover, even if we were to presume such a document was timely filed, appellant's notice of appeal would have been due August 11, 2014, ninety days from the date the May 13, 2014 order was signed, and any extension of time to file the notice of appeal would have been due fifteen days later on August 26, 2014. *See* TEX. R. APP. P. 26.1(a), 26.3. As noted above, the document pointed to by appellant as his notice of appeal was filed September 3, 2014. Accordingly, even if appellant timely filed a motion that would delay the due date for the filing of the notice of appeal, his notice was still untimely.

Based on the foregoing, we hold appellant's response does not establish this court has jurisdiction over the appeal. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26.3). Accordingly, we grant appellees' motion to dismiss and dismiss this appeal for lack of jurisdiction.

Additionally, based on our dismissal, we deny as moot appellant's motion for extension of time to pay the filing fee. We further note that concomitant with his response, appellant filed a document entitled "Motion for Extraordinary Relief." He thereafter filed a "Corrected Motion for Extraordinary Relief," which we construe as an amended motion for extraordinary relief, thereby supplanting his original motion. In that document, it appears appellant is asking that if we find we lack jurisdiction over the appeal, that we construe his request for extraordinary relief as a request for mandamus relief based on his contention that the May 13, 2014 order is void. Even if we were to construe appellant's motion as a petition for writ of mandamus, it does not meet the requirements of Rule 52, which governs original proceedings. *See* TEX. R. APP. P. 52. Moreover, appellant paid the fee for filing a motion with regard to his original and corrected motions for extraordinary relief, not the filing fee due for an original proceeding. Accordingly, we deny the corrected motion for extraordinary relief.

PER CURIAM