# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00637-CV

**EID Corporation, a Texas Corporation, and Mohammed S. Alhajeid, Individually, Appellants**

**v.**

**The State of Texas; The City of Fort Worth, Texas; The Transit Authority of Fort Worth, MTA, Texas; and The Special Purpose District of Fort Worth Crime Control, Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GV-13-000169, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is the second attempted appeal related to a default judgment. The appeal is untimely, and we will dismiss it for lack of jurisdiction.

## BACKGROUND

Appellees (collectively, the State) filed the underlying suit against EID Corporation and Mohammed S. Alhajeid (collectively, EID) for collection of delinquent sales taxes. The State obtained a default judgment against EID. EID filed two appeals related to that default judgment. The first was dismissed for want of prosecution. *See EID Corp. v. State*, No. 03-13-00361-CV, 2013 Tex. App. LEXIS 11255, at *1 (Tex. App.—Austin Aug. 30, 2013, no pet.) (mem. op.). In this

second appeal, the State argues as a preliminary matter that we lack jurisdiction because EID did not timely perfect its present appeal. We agree.

## DISCUSSION

### *EID files appeal from default judgment and seeks relief from trial court*

EID filed a notice of appeal on May 23, 2013, challenging the State's default judgment. The next day, EID filed a "Motion to Extend Time for Filing Post-Judgment Remedies" alleging that neither EID nor EID's attorney had notice of the default judgment until May 18, 2013. *See* Tex. R. Civ. P. 306a. The trial court granted EID's motion, finding that EID received actual notice of the default judgment on May 18, 2013 and ordering that EID's time for requesting postjudgment relief, including a motion for new trial or motion to modify the judgment, was extended to June 17, 2013. *See id*.

The day before the deadline, EID filed a "Motion to Vacate, Modify or Reform Judgment, or in the Alternative Grant a New Trial or Bill of Review" (postjudgment motion). The State filed a response, and at a subsequent hearing on August 26, 2013, the trial court signed an order denying EID's postjudgment motion.[1] After the denial of its postjudgment motion and almost three months after the June 17 deadline for filing such motions, EID filed an untimely request for findings of fact and conclusions of law. *See* Tex. R. Civ. P. 306a.

---

[1] The motion for new trial that EID sought in the alternative appears to have been overruled by operation of law. *See* Tex. R. Civ. P. 329b(c) (motion for new trial not ruled on within 75 days of signed judgment considered overruled). Here August 1, 2013 was the 75th day after EID received actual notice of the default judgment.

2

Meanwhile, on August 30, 2013, we dismissed EID's appeal for failure to prosecute it. *EID Corp.*, 2013 Tex. App. LEXIS 11255, at \*1. No motion for rehearing or reconsideration was filed, our plenary power expired, and mandate issued. *See* Tex. R. App. P. 19.1(a).

### *EID files appeal from denial of postjudgment motion*

EID filed a notice of appeal on September 24, 2013 from the trial court's August 26 order denying its postjudgment motion. EID argues that the August 26 order "constituted a modification of the default judgment and established a new appellate timetable." *See* Tex. R. Civ. P. 329b(h) (providing that "if a judgment is modified, corrected or reformed in any respect" appellate timetable runs from date of new judgment). But the August 26 order did not make any change to the default judgment—the order states simply that EID's motion is denied. EID also argues that its request for findings of fact and conclusions of law "further extended the appellate timetable an additional 90 days to November 24, 2013." However, the request for findings of fact and conclusions of law was untimely because it was filed almost three months after the June 17 deadline for filing postjudgment motions. *See* Tex. R. App. P. 4.2(a)(1); Tex. R. Civ. P. 306a. Only timely requests for findings of fact and conclusions of law may extend the deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.1(a)(4).

The State contends correctly that EID's appellate deadlines in this case are calculated from the May 18, 2013 date that EID received actual notice of the default judgment, not from the date the trial court denied EID's postjudgment motion. *See* Tex. R. App. P. 4.2(a)(1), 26.1; Tex. R. Civ. P. 306a. EID's postjudgment motion extended its deadline for filing a notice of appeal by 90 days to August 16, 2013. *See* Tex. R. App. P. 4.2(a)(1), 26.1(a)(1); Tex. R. Civ. P. 329b(a).

3

EID's appellate deadline might have been further extended if it had filed either a notice of appeal with the trial court or a motion for extension of time with this Court by September 3, 2013. *See* Tex. R. App. P. 26.3 (providing that court may grant extension of time if party files notice of appeal or motion to extend time within 15 days after deadline for filing notice of appeal); Tex. R. Civ. P. 4; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997). But EID did not do so.

The notice of appeal that EID filed on September 24, 2013—129 days after its May 18, 2013 notice of the default judgment—is untimely and thus, we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (filing of notice of appeal invokes appellate court's jurisdiction).

## CONCLUSION

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: October 22, 2014

4