PER CURIAM
Appellant was convicted of aggravated robbery and sentenced to confinement for 28 years on March 29, 2018. Appellant timely filed a motion for new trial. Therefore, appellant's notice of appeal was due June 27, 2018. See Tex. R. App. P. 26.2(a)(2). Appellant did not file his notice of appeal until July 9, 2018.
A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension *795 of time in the court of appeals. See Tex. R. App. P. 26.3 ; see also Tex. R. App. P. 10.5(b)(2). July 9, 2018, is a date within 15 days of the June 27, 2018 due date. However, appellant did not file in this court a compliant motion for extension of time.
In civil appeals, a request for extension is implied if a notice of appeal is filed within 15 days after the deadline. See Verburgt v. Dorner , 959 S.W.2d 615, 617 (Tex. 1997). However, the Court of Criminal Appeals has declined to follow Verburgt. Matos v. State , 14-17-00338-CR, 2017 WL 2218968, at *1 (Tex. App.-Houston [14th Dist.] May 18, 2017, no pet.). A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. Olivo v. State , 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal, but no motion for extension of time, is filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. See ids="10017127" index="3" url="https://cite.case.law/sw2d/918/519/#p522">id.
Accordingly, the appeal is dismissed.