**Order issued April 11, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00937-CV

_____

## ANTHONY MCGILL AND AP MCGILL ENTERPRISE, LLC, Appellant

## V.

## GJG PRODUCTIONS, INC., Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2015-38653**

---

### ORDER

After notifying appellants, Anthony McGill and AP McGill Enterprise, LLC,

this court dismissed their appeal against GJG Productions, Inc., because they failed

to provide a reasonable explanation for their untimely notice of appeal.

The judgment appealed from was signed on September 6, 2017. Appellants then moved for a new trial. Accordingly, appellants had 90 days to file their notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1). Three days after the deadline passed, appellants filed their notice of appeal but did not include within their notice a reasonable explanation for why the notice was untimely. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Pursuant to Texas Rule of Appellate Procedure 42.3, this court sent appellants a notice informing them that their appeal may be dismissed unless they filed within ten days a "reasonable explanation" for their untimely notice of appeal. Appellants did not respond, so we dismissed their appeal in a memorandum opinion dated January 15, 2019. *McGill v. GJG Prods., Inc.*, No. 01-17-00937-CV, 2019 WL 190255 (Tex. App.—Houston [1st Dist.] 2019); *see also* TEX. R. APP. P. 42.3(c). Appellants have since filed a timely motion for rehearing, and Appellee has filed a response.

We are not aware of any rule of appellate procedure that sets forth an applicable standard for analyzing a motion to reinstate an appeal after involuntary dismissal. We find guidance, however, from Texas Rule of Civil Procedure 165a(2), which pertains to reinstatement of civil proceedings after dismissal for want of prosecution. Rule 165a(2) states that a court shall reinstate the case upon a finding that the failure of the party or his attorney was not intentional or the result

of conscious indifference but was the result of an accident or mistake or that the party's failure was otherwise reasonably explained.

In their combined motion for rehearing and motion to extend the time to file its notice of appeal, Appellants' attorney explains that he miscalculated the date by which his notice was due because many of his records were displaced and his cases were rescheduled due to Hurricane Harvey. He further notes that he was unaware that this court sent him notice requesting his reasonable explanation for the untimely notice of appeal. Appellee responded, noting that McGill's failure to timely file his notice of appeal was part of a pattern that stretched back to the start of this case: McGill's failure to respond to GJG's demand letter before trial, failure to comply with the temporary restraining order, failure to file an answer until GJG moved for default, responding to requests for disclosure fifteen months after they were due, waiting until after briefing deadlines had passed before asking this court for extensions, and filing his appellant's brief after this court's extended deadline without asking for another extension. Appellee also cites *Kidd v. Paxton*, 1 S.W.3d 309 (Tex. App.—Amarillo 1999, no pet.), in which the court found a movant's purported "reasonable explanation" to be "implausible and, therefore, unreasonable." *Id.* at 310.

Although Appellants' attorney's explanation for why he filed the notice of appeal late and why he failed to respond to this court's notice is less than robust,

we find, in the interest of justice, that these failures were not the result of conscious indifference, but of mistake.

## Conclusion

We grant Appellants' motion for rehearing and motion to extend, withdraw our opinion and judgment of January 15, 2019, and reinstate the appeal on the court's docket.

Richard Hightower
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.