

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00469-CV

**IN THE MATTER OF D.J.S.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2017JUV00148
Honorable Carlos Quezada Jr., Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: January 27, 2021

DISMISSED FOR LACK OF JURISDICTION

On August 20, 2018, the trial court ordered appellant returned to the Texas Juvenile Justice Department with approval of his release under supervision to the Texas Department of Criminal Justice – Parole Division to serve the remainder of his sentence pursuant to sections 53.045, 54.05, and 54.11 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 53.045, 54.05, 54.11. On September 17, 2020, appellant filed a motion for leave to file a late notice of appeal with the trial court. A copy of appellant's motion was subsequently filed in our court and docketed as a notice of appeal.

Texas Rule of Appellate Procedure 26.1 provides that a notice of appeal must be filed within thirty days after the judgment or order appealed from is signed unless a timely motion for new trial, motion to modify the judgment, motion for reinstatement, or request for findings of fact

and conclusions of law is filed. TEX. R. APP. P. 26.1. If such a motion or request is filed, then the notice of appeal must be filed within ninety days after the judgment or order is signed. *Id.* R. 26.1(a)(1). We may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant files the notice of appeal and a motion for extension of time. *Id.* R. 26.3.

Here, appellant filed his motion for leave to file a late notice of appeal well after the prescribed time limit for perfecting an appeal. *See id.* R. 26.1, 26.3. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). Because the clerk's record showed the notice of appeal was untimely filed, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction by January 4, 2021. *See id*. We cautioned appellant that if he failed to respond by the date ordered, we would dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3. Appellant has not responded to our order.

Accordingly, we dismiss appellant's motion for leave to file a late notice of appeal and this appeal for lack of jurisdiction. We dismiss all other pending motions as moot.

PER CURIAM