

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00343-CV
_____

IN THE INTEREST OF A.H., A CHILD

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2017-524,413, Honorable Doughlas H. Freitag, Presiding

December 2, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, H.H., appeals from the trial court's *Order of Termination*, terminating her parental rights to her child, A.H. We dismiss the untimely appeal for want of jurisdiction.

The trial court signed the *Order of Termination* on June 27, 2018. A notice of appeal was, therefore, due within twenty days after the order was signed, by July 17, 2018. *See* TEX. R. APP. P. 26.1(b), 28.4(a). H.H. filed a notice of appeal on November 14, 2022.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).

Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not necessary to effectuate the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See Verburgt*, 959 S.W.2d at 616–17; TEX. R. APP. P. 2 (providing that appellate courts may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

By letter of November 17, 2022, we notified H.H. that her notice of appeal appeared untimely and directed her to show how we have jurisdiction over the appeal. H.H. has filed a response but has failed to demonstrate grounds for continuing the appeal.

Because H.H.'s late notice of appeal failed to invoke the jurisdiction of this Court, we dismiss her appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam