**Appeal Dismissed and Memorandum Opinion filed February 14, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00746-CV

## ELLEN ROVIN, Appellant

## V.

## ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Appellee

### On Appeal from the 333rd District Court
### Harris County, Texas
### Trial Court Cause No. 2017-70166

## MEMORANDUM OPINION

This is an attempted appeal from the denial of a motion for new trial by operation of law. Such an action, whether by the signing of an order expressly denying the motion or letting the motion remain unresolved while the trial court's plenary power expires, is not itself independently appealable from a final judgment. *See Miller v. Garcia*, No. 03-16-00551-CV, 2016 WL 5770696, at *1 (Tex. App.—Austin Sept. 28, 2016, no pet.) (quoting *Macklin v. SAIA Moto Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana Apr. 6,

2012, no pet.)) (observing that the denial of a motion for new trial "is not a judgment[] and is not independently appealable").

Even if this court construed the notice of appeal as contesting the underlying judgment rather than the denial of a motion for new trial, this court would still lack jurisdiction over the appeal as appellant's notice of appeal was not filed timely. The underlying judgment, which dismissed the case for want of prosecution pursuant to Texas Rule of Civil Procedure 165a, was signed June 17, 2022. As appellant timely filed a verified motion to reinstate the case on July 13, 2022, appellant had until September 15, 2022 to file her notice of appeal. *See* Tex. R. App. P. 26.1(a). Appellant's notice of appeal was filed October 4, 2022. A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion to extend time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by Texas Rule of Appellate Procedure 26.3.

On January 26, 2023, notification was transmitted to the parties that the appeal was subject to dismissal for want of jurisdiction without further notice unless any party showed meritorious grounds for continuing the appeal before February 6, 2023. *See* Tex. R. App. P. 4.1(a), 42.3(a). No response was filed.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Wilson.