

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00271-CV
No. 07-23-00328-CV

## MAURO E. GARZA & EVERETT HOLDINGS, LLC, APPELLANTS

## V.

## JULIA PEREZ, APPELLEE

On Appeal from the 57th District Court
Bexar County, Texas[1]
Trial Court No. 2023-CI-08559, Honorable Tina Torres, Presiding

October 2, 2023

## ORDER OF SEVERANCE AND DISMISSAL

Before PARKER and DOSS and YARBROUGH, JJ.

Appellants, Mauro E. Garza and Everett Holdings, LLC ("Garza and Everett"), appeal from the trial court's *Order Denying Plea to the Jurisdiction and Motion to Dismiss (TCPA).* Appellee, Julia Perez, has filed a cross-appeal. Now pending before the Court

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

is Garza and Everett's motion to dismiss Perez's appeal for want of jurisdiction. We grant the motion.

The trial court signed the interlocutory order on June 14, 2023. A notice of appeal was, therefore, due within twenty days after the order was signed, by July 5, 2023. *See* TEX. R. APP. P. 4.1(a), 26.1(b) (appellate deadline for accelerated appeals), 28.1(a) (accelerating appeals from interlocutory orders). Garza and Everett timely filed a notice of appeal on June 30, 2023. As such, any notice of cross-appeal by Perez was due within fourteen days after the filing of Garza and Everett's notice of appeal, by July 14, 2023. *See* TEX. R. APP. P. 26.1(d) ("if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period [. . .] or 14 days after the first filed notice of appeal, whichever is later"). Perez did not file a notice of appeal until August 15, 2023. On August 29, 2023, Garza and Everett filed a motion to dismiss Perez's untimely cross-appeal. Perez has not filed a response to the motion to dismiss to date.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* *Verburgt*, 959 S.W.2d at 616–17; TEX. R. APP. P. 2 (providing that appellate courts may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

For these reasons, we sever Perez's cross-appeal into appellate cause number 07-23-00328-CV and dismiss the untimely appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Garza and Everett's appeal shall continue to disposition under appellate cause number 07-23-00271-CV.

It is so ordered.

Per Curiam