COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | No. 08-24-00373-CV |
| IN THE INTEREST OF | § | Appeal from the |
| M.C.R.G. AND A.R.G., | § | 207th Judicial District Court |
| Children. | § | of Comal County, Texas |
| | § | (TC#C2021-0845B) |

## MEMORANDUM OPINION

Before the Court is Appellant's motion for extension of time to file the notice of appeal. Appellee filed a response contesting the relief sought.[1]  Because the notice of appeal and the motion for extension were filed outside of the time allowed by the Rules of Appellate Procedure, we dismiss this appeal for want of jurisdiction and deny all pending motions as moot.

On June 10, 2024, the trial court signed a final judgment in this case. On September 25, 2024, Appellant filed a notice of appeal in the trial court. The notice of appeal states that a timely motion for new trial was filed on July 9, 2024, but the record before us indicates that the motion for new trial was file stamped on July 16, 2024. Thus, the motion for new trial was

---

[1] Appellant notified this Court on November 14, 2024, that she intended to file a response to Appellee's motion to dismiss no later than November 15, 2024. As of the date of this memorandum opinion, no response has been filed.

filed outside the plenary power of the trial court and was not effective to extend the post-judgment procedural timetables for perfecting an appeal. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); *see also* Tex. R. App. P. 26.1; *Id.* 26.1(a)(1) (requiring a notice of appeal to be filed within 30 days after the judgment is signed, but within 90 days if any party timely files a motion for new trial). Because the judgment was signed on June 10, 2024, Appellant needed to file the motion for new trial no later than July 10, 2024, thus the motion file stamped on July 16, 2024, was untimely.

In Appellant's notice of appeal and motion for extension of time, she nonetheless urges us to consider the motion for new trial timely because the untimely filing was "due to technical issues with Texas Efiling." Appellant does not specify the type of technical failure involved with the submission, but even if we were to assume that the motion for new trial was timely filed due to the alleged technical issue, Appellant's notice of appeal is still untimely. The notice of appeal is due 90 days after a judgment when a party timely files a motion for new trial. Tex. R. App. P. 26.1(a)(1). But even assuming the motion for new trial was timely filed, and using the extended timetable, the notice of appeal was due in this case on September 8, 2024, or 90 days after the judgment was signed. Appellant's notice of appeal was not filed in the trial court until September 25, 2024.

Texas Rule of Appellate Procedure 26.3 allows an appellate court to extend the time for filing a notice of appeal, if within 15 days after the deadline for filing the notice of appeal, the appellant files the notice of appeal and a motion for extension of time. Here, Appellant has filed a motion for extension of time seeking to extend the deadline to file the notice of appeal to September 25, 2024. Unfortunately, we cannot grant Appellant's motion because the Rules of

Procedure allow appellate courts to grant, at most, a 15-day extension. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). Here, Appellant is seeking a 17-day extension. The notice of appeal was due to be filed no later than September 8, 2024, and the 15-day grace period allowed by Rule 26.3 ended on September 23, 2024. Accordingly, the notice of appeal is late, and we have no choice but to dismiss this appeal for want of jurisdiction. All pending motions are denied as moot.

JEFF ALLEY, Chief Justice

November 21, 2024

Before Alley, C.J., Palafox and Soto, JJ.