

# NUMBER 13-25-00137-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF J.L.T., A CHILD

## ON APPEAL FROM THE 430TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva**

This matter is before the Court on appellant T.S.M.'s motion for extension of time "to determine whether there is any other avenue or remedy available" for the untimely notice of appeal.[1] On February 27, 2025, appellant filed a notice of appeal attempting to appeal a final order terminating appellant's parental rights to her son, J.L.T., rendered on January 17, 2025 in trial court cause number CW-0055-23-J. On March 26, 2025, the

---

[1] We refer to the appellant mother and the child by their initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

Clerk of the Court notified appellant that it appeared that the appeal was not timely perfected. *See* TEX. R. APP. P. 26.1(b). Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of the Court's directive. *See id*. R. 42.3(a).

On April 7, 2025, appellant notified the Court that upon further review of the record, it appeared the appeal was not timely perfected.

The Court is bound by the Texas Rules of Appellate Procedure in parental termination cases. Appeals in parental termination and child protection cases are governed by the rules of appellate procedure for accelerated appeals and include additional expedited deadlines and procedures. *See id*. R. 28.4; TEX. R. JUD. ADMIN. 6.2(a), reprinted in TEX. GOV'T CODE ANN., tit.2, subtit. F app. We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Furthermore, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.).

Here, appellant's notice of appeal was filed on February 27, 2025, over thirty-five days after the trial court's order was signed on January 17, 2025. Thus, the notice of appeal was not filed within twenty days after the judgment was signed. *See* TEX. R. APP. P. 26.1(b) (requiring notice of appeal in accelerated case to be filed within twenty days after the judgment is signed). In addition, appellant's motion for extension of time to file

her notice of appeal was not filed within fifteen days after the deadline to file a timely notice of appeal.[2] *See id.* R. 26.3 (providing that appellate court may extend time to file notice of appeal if, within fifteen days of the deadline for filing, appealing party files its notice of appeal and accompanying motion).

Because appellant's notice of appeal and subsequent motion for extension of time to file notice of appeal was untimely, we lack jurisdiction over the appeal. Accordingly, we dismiss both the motion and the entire cause for want of jurisdiction. *See id.* R. 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
10th day of April, 2025.

---

[2] Even if we treated appellant's notice of appeal as an implied motion of extension of time to file notice of appeal, said motion was not filed within fifteen days of the deadline. *See* TEX. R. APP. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).

3