

# NUMBER 13-24-00512-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF THE MARRIAGE OF
## RUBY VANCLEVE LOZANO AND ARMANDO HERVEY LOZANO

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF JOHNSON COUNTY, TEXAS

---

# MEMORANDUM OPINION

## Before Justices Silva, Peña, and Fonseca
## Memorandum Opinion by Justice Fonseca

This cause is before the Court on its own motion.[1] On September 13, 2024, appellant Ruby VanCleve Lozano filed a pro se notice of appeal attempting to appeal a Default Final Decree of Divorce issued on August 13, 2024, in trial court cause number CC-D20230111. On October 28, 2024, the Clerk of the Court notified appellant that the appeal has been transferred to this Court and that the notice of appeal was not timely

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

filed. Appellant was further notified that the appeal would be dismissed if the defect was not cured within ten days from the date of the notice. *See* TEX. R. APP. P. 42.3. On March 20, 2025, the Clerk of the Court notified appellant of the defects in the notice of appeal in a "Final Notice." Appellant was again notified that the appeal would be dismissed if the defects were not cured within ten days from the date of the notice. *See id.*

Appellant has failed to respond to the clerk's notices or otherwise demonstrate that the appeal was timely perfected. We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nonetheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* Tex. R. App. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.). Furthermore, appellant has failed to pay the filing fee.

Appellant's notice of appeal was untimely; therefore, we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
17th day of April, 2025.

2