

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00213-CV

**IN THE INTEREST OF A.J.R.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2014EM501263
The Honorable Nick Catoe Jr., Judge Presiding

PER CURIAM

Sitting: Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  July 22, 2015

DISMISSED FOR WANT OF JURISDICTION

Appellant, who is pro se, appeals a trial court order in a suit affecting the parent-child relationship that was signed August 11, 2014.  Appellant did not timely file a motion that would have extended the appellate timetable.  *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a).  Thus, the notice of appeal was due September 10, 2014, or a motion for extension of time to file the notice of appeal was due fifteen days later on September 25, 2014.  *See* TEX. R. APP. P. 26.1, 26.3. Appellant did not file a timely notice of appeal or a motion for extension of time to file the notice of appeal.  However, on April 10, 2015, appellant filed a notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 of the Texas Rules of Appellate Procedure, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for

extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) (construing predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*

On June 4, 2015, we ordered appellant to file, on or before, July 6, 2015, a response showing cause why this appeal should not be dismissed for lack of jurisdiction. We advised appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). Appellant did not timely file a response.

Appellant's notice of appeal was untimely, and the period for granting appellant an extension of time to file his notice passed before he ultimately filed his notice of appeal in April 2015. Accordingly, appellant cannot invoke our jurisdiction, and we dismiss the appeal for want of jurisdiction.

PER CURIAM