

# Fourth Court of Appeals
## San Antonio, Texas

August 31, 2015

No. 04-15-00376-CV

Eduardo **BENAVIDES**,
Appellant

v.

Julia **BENNETT**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-04550
Honorable Stephani A. Walsh, Judge Presiding

# O R D E R

According to his notice of appeal, appellant is attempting to appeal from the trial court's order of severance signed March 6, 2015.[1]  Appellant did not file, with regard to the order of severance, a timely motion that would have extended the appellate timetable.[2]  *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a).  Thus, the notice of appeal was due April 6, 2015 — the thirtieth day, April 5, 2015, was a Sunday — or a motion for extension of time to file the notice of appeal was due fifteen days later on April 21, 2015.  *See* TEX. R. APP. P. 26.1, 26.3.  Appellant did not file a timely notice of appeal.  Appellant filed an untimely notice of appeal on June 22, 2015, and thereafter, filed an untimely motion for extension of time to file the notice of appeal in this court on June 24, 2015.[3]  Because appellant's motion to extend time to file the notice of

---

[1] There is another appeal pending in this court involving appellant and appellee.  The appeals was assigned appellate number 04-15-00288-CV.  A review of the clerk's record in that case shows appellant is appealing the trial court's order dated February 5, 2015, which granted, in part, appellee's no evidence motion for summary judgment.  The trial court subsequently granted appellee's motion to dismiss appellant's claims.  Thereafter, appellee filed a motion to sever appellant's claims again her from those of a remaining defendant.  Appellant then filed a second notice of appeal, challenging the order granting the severance.  It is this second appeal, appellate number 04-15-00376-CV, which is the subject of this order.

[2] Based on the clerk's records in both appellate number 04-15-00288-CV and appellate number 04-15-00376-CV, it appears appellant filed a motion for new trial, but that motion was prepared and served prior to the date the trial court's order of severance was signed, and based on our review of the motion, it is clearly directed only to the trial court's February 5, 2015 order.

[3] In his untimely motion to extend time to file his notice of appeal, appellant noted that he filed a motion in the trial court asking the trial court to extend the time for appellant to file post judgment motions.  In the motion to the trial court, appellant claimed he did not receive timely notice of the trial court's judgment.  Appellee filed a response contesting appellant's claim.  There is nothing in the record to establish the trial court ruled on appellant's motion or

appeal was untimely, it is **DENIED**. "Once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) (construing the predecessor to Rule 26). *Id.*

We therefore **ORDER** appellant to file a written response in this court on or before **September 30, 2015**, showing cause why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). If a supplemental clerk's record is required, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on appellant, all counsel, the district clerk, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of August, 2015.

_____
Keith E. Hottle
Clerk of Court

---

reset the deadlines pursuant to Rule 306a(4) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 306a(4).