

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00228-CV

**ULLJA KUNTZE,**

                                              **Appellant**

 **v.**

**SANDRA COWAN,**

                                              **Appellee**

**From the 335th District Court
Burleson County, Texas
Trial Court No. 26,129**

**And**

## No. 10-17-00244-CV

## EX PARTE ULLJA KUNTZE

**Original Proceeding**

## ORDER AND NOTICE TO FILE RECORD

On November 1, 2017 Kuntze filed a document entitled "Appellant Ullja Kuntze's

Request to Reconsider Oct 18, 2017 Order & Appellant's Explanation as to why she

unknowingly filed her Notice of Appeal 3 days late." The 28 page document takes the Court to task for what Kuntze characterizes as the use of imaginary documents and lies, and the lunacy of the Court's order. The document is divided into two primary sections. One section addresses the only thing we asked Kuntze to address in our October 18, 2017 order, which was to provide a reasonable explanation why her notice of appeal was filed late. The other section sets out 12 issues in which Kuntze repetitively argues what is essentially two mistakes in the Court's October 18, 2017 order.

Because the two mistakes consume the bulk of Kuntze's filing, the Court has decided to address the complaints by issuing this order that acknowledges the mistakes in the recitation of facts in the October 18, 2017 order and will comment upon the Court's action to correct them. First, the Court stated, both in the caption of the case and within the body of the order that the proceeding arose out of a case from the 21st District Court of Burleson County. While that is the information that was provided to the Court by the District Clerk on the cover sheet provided with the notice of appeal, we note that Kuntze is correct that the trial court's docket sheet and the final judgment both indicate that the actual trial court is the 335th District Court of Burleson County. We have already made this correction in our case management system, TAMES (Texas Appeals Management and e-Filing System).

The second mistake was a miscommunication between the justices who rendered the order and the Court Clerk regarding the proceeding in which the motion-challenging-the-trial-court's-determination-that-Kuntze-was-not-indigent was to be filed. The Court thought the motion was filed in both the appeal and the original proceeding but it was

mistakenly filed in only the appeal. This miscommunication between the Court and the Clerk will be corrected by causing the motion to also be filed in the original proceeding where it belongs, rather than it being filed only in the appeal. Because the same document also contains a motion which seeks a stay of the appeal pending a disposition of the indigency issue, the motion as it relates to the motion to stay, must also remain filed in the appeal. The filing date for the motion in the original proceeding will reflect the date it was actually filed and not the date that it was added to the original proceeding. Thus, the date of filing will not change and it will be filed in both proceedings, one as a motion to stay the appeal, and the other as a motion for review of the trial court's determination that Kuntze is not indigent.

As to the response we requested from Kuntze seeking a reasonable explanation for the late filing of the notice of appeal as required by the Texas Rules of Civil Procedure and the Texas Supreme Court's holding in *Verburgt*, which is the only response we needed from Kuntze, she explained that she misunderstood the rules and thought the time to file her notice of appeal ran from the date the trial court denied her motion for new-trial rather than the date the final judgment was signed. *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997). This is an adequate explanation under *Verburgt. Id*. Accordingly, the Court grants an implied motion for extension of time to file Kuntze's notice of appeal. *See id*. at 617. (A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline).

To the extent not expressly granted herein, all relief requested, if any, and objections made, if any, in the November 1, 2017 motion is denied and overruled, respectively.

In a separate motion filed on July 28, 2017, Kuntze moved to stay this appeal until the trial court had ruled on her motion (now filed as an original proceeding, *Ex parte Kuntze*, 10-17-00244-CV) which seeks a review of the trial court's determination that Kuntze could pay cost. Kuntze's motion for stay of this appeal is granted until further order of the Court.

Kuntze also filed a motion to reconsider the Court's October 18, 2017 order as it relates to *Ex parte Kuntze*, 10-17-00244-CV. The Court's previous order stayed that proceeding. Nevertheless, the Court has corrected Kuntze's primary complaint in that motion by filing the July 28, 2017 motion in the original proceeding. To the extent Kuntze requests additional relief in the motion to reconsider filed on November 1, 2017, it is denied.

The stay in *Ex parte Kuntze*, 10-17-00244-CV, is lifted, and the proceeding is reinstated. Accordingly, this is the notice pursuant to Rule 145(g)(3) of the Texas Rules of Civil Procedure to the ***trial court clerk*** and the ***trial court reporter*** requesting preparation of the record of all trial court proceedings on the declarant's claim of indigence. The Court requests these limited records within **21 days** from the date of this order. The requested records must be provided without charge. *See* TEX. R. CIV. P. 145(g)(3).

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motions denied
Appeal stayed
Stay of original proceeding lifted
Order issued and filed January 3, 2018
Publish

