

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-19-00271-CV
_____

ROBERT ALLEMAND, INDIVIDUALLY AND D/B/A BR RODEO PRODUCTIONS,
HERMILINDA ALLEMAND, AND HUNTER ALLEMAND, APPELLANTS

V.

HAPPY STATE BANK, APPELLEE

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 72,671-L2; Honorable Matthew C. Martindale, Presiding

August 27, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellants, Robert Allemand, individually and d/b/a BR Rodeo Productions, Hermelinda Allemand, and Hunter Allemand, appeal from the trial court's *Order Granting Summary Judgment.* We dismiss the appeal because Appellants have not paid the filing fee and for want of jurisdiction.

Appellants failed to pay the required filing fee of $205 upon filing their notice of appeal. By letter dated July 30, 2019, the clerk of this court advised Appellants that the filing fee was overdue and that unless they were excused from paying court costs under Rule of Appellate Procedure 20.1, failure to pay the filing fee by August 9 would result in dismissal of the appeal without further notice. To date, Appellants have not responded to the clerk's letter, paid the filing fee, made other arrangements, or sought to proceed without payment of court costs.

Unless a party is excused from paying a filing fee, the clerk of this court is required to collect filing fees set by statute or by the Texas Supreme Court when an item is presented for filing. TEX. R. APP. P. 5, 12.1(b). Although the filing of a proper notice of appeal invokes an appellate court's jurisdiction, if a party fails to follow the prescribed rules of appellate procedure, the appeal may be dismissed. *Id.* at 25.1(b).

Furthermore, Appellants filed their notice of appeal untimely. The trial court signed the order on May 30, 2019. A notice of appeal was due within thirty days after the judgment was signed or within ninety days if a motion for new trial or motion to modify the judgment was timely filed. TEX. R. APP. P. 26.1(a)(1), (a)(2). To be timely, a motion for new trial or motion to modify the judgment was due within thirty days after the judgment was signed, i.e., by July 1, 2019. TEX. R. CIV. P. 329b(a), (g); 4. Appellants filed a motion for new trial on July 3, 2019. Because the motion for new trial was not timely filed, the motion did not extend the notice of appeal deadline. TEX. R. APP. P. 26.1(a). Thus, Appellants' notice of appeal was due within thirty days after the judgment was signed, i.e., by July 1, 2019. *Id.* at 26.1, 4.1(a). Appellants filed a notice of appeal on July 29, 2019.

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See Verburgt*, 959 S.W.2d at 616-17; TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). Thus, this court has no discretion to permit an untimely filed notice of appeal to confer jurisdiction over an appeal.

By letter dated July 30, 2019, we notified Appellants that their notice of appeal appeared untimely and directed them to file a response by August 14 showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. Appellants have not responded to the court's letter to date.

Accordingly, we dismiss the appeal because Appellants failed to comply with a requirement of the appellate rules and for want of jurisdiction. TEX. R. APP. P. 42.3(a), (c).

Per Curiam