**Fourth Court of Appeals**
San Antonio, Texas



January 6, 2022

No. 04-20-00596-CV

**IN THE INTEREST OF L.J.K. AND C.A.K., CHILDREN**

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI01008
Honorable Mary Lou Alvarez, Judge Presiding

**O R D E R**

Sitting:     Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Lori I. Valenzuela, Justice

On December 14, 2021, appellee filed a motion to dismiss for want of jurisdiction. Appellee contends appellant's notice of appeal was not timely.

The trial court signed the judgment on August 26, 2020. Because appellant timely filed a motion for new trial, the notice of appeal was due on November 24, 2020. Although the notice of appeal was provided by this court to the trial court on December 14, 2020, appellant filed his notice of appeal in this court on December 11, 2020. TEX. R. APP. P. 25.1(a) ("An appeal is perfected when a written notice of appeal is filed with the trial court clerk. If a notice of appeal is mistakenly filed with the appellate court, *the notice is deemed to have been filed the same day with the trial court clerk*, and the appellate clerk must immediately send the trial court clerk a copy of the notice." (emphasis added)). The fifteen-day extension of time in which to file the notice of appeal expired on December 9, 2020. The envelope in which appellant mailed his notice of appeal is date-stamped December 7, 2020. *See* TEX. R. CIV. P. 5 ("If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.").

Although appellant mailed his notice of appeal within the fifteen-day grace period allowed by Rule of Appellate Procedure 26.3, he did not file a motion for extension of time. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period

provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; Tex. R. App. P. 26.3, 10.5(b)(1)(C).

On December 16, 2021, this court ordered appellant file a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. We also held appellee's motion to dismiss in abeyance pending further order of this court. On December 30, 2021, appellant filed a "Request for 15 Day Extension to File Appeal," in which he provided a reasonable explanation.

Accordingly, we DENY appellee's motion to dismiss.

It is so **ORDERED** on January 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT