

# Fourth Court of Appeals
## San Antonio, Texas

January 28, 2022

No. 04-21-00556-CV

**BEXAR APPRAISAL REVIEW BOARD**,
Appellant

v.

**LUCIFER LIGHTING COMPANY**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-09696
Honorable Norma Gonzales, Judge Presiding

## O R D E R

Appellant appeals from the trial court's order denying its plea to the jurisdiction. An appeal from such an order is accelerated. *See* TEX. CIV. PRAC. & REM. CODE ANN. 51.014(a)(8). The trial court signed the order on October 27, 2021. Because this is an accelerated appeal, the notice of appeal was due November 16, 2021. *See* TEX. R. APP. P. 26.1(b). A motion for extension of time to file the notice of appeal was due on December 1, 2021. *See* TEX. R. APP. P. 26.3. Although appellant filed a notice of appeal within the fifteen-day grace period allowed by Rule 26.3, it did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

We therefore ORDER appellant to file, within fifteen days from the date of this order, a written response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. If appellant fails to respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

Further, appellant's brief was due January 11, 2022, but has not been filed. We ORDER appellant to file, on or before **February 17**, **2022** its appellant's brief and a written response

reasonably explaining (1) its failure to timely file the brief and (2) why appellee is not significantly injured by appellant's failure to timely file a brief. If appellant fails to file a brief and the written response by the date ordered, its appeal will be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a); *see also* TEX. R. APP. P. 42.3(c) (allowing involuntary dismissal if appellant has failed to comply with a court order).

Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of January, 2022.

MICHAEL A. CRUZ, Clerk of Court