# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00555-CV

**John Degollado, Jr. and Charla G. Degollado, Appellants**

**v.**

**Hilaria Gonzales, Appellee**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-002257, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Hilaria Gonzales has filed a motion to dismiss this appeal. Gonzales asserts that appellants John Degollado, Jr. and Charla G. Degollado failed to timely file their notice of appeal and that, consequently, this Court lacks jurisdiction.

Timely filing a notice of appeal is necessary to invoke this Court's appellate jurisdiction. *Texas Ent. Ass'n v. Combs*, 431 S.W.3d 790, 796 (Tex. App.—Austin 2014, pet. denied); *see* Tex. R. App. P. 25.1(b) (appeal perfected when written notice of appeal is filed). A notice of appeal generally must be filed within thirty days after the judgment is signed. Tex. R. App. P. 26.1. However, the filing of certain post-judgment motions, including a motion for new trial, will extend the deadline to ninety days after the judgment is signed. *See id.* R. 26.1(a).

The record in this case reveals that the trial court signed a final summary judgment in favor of Gonzales on May 4, 2023. Because the the Degollados timely filed a motion for new trial, the deadline to file their notice of appeal was August 2, 2023. *See id.*

That deadline might have been extended to August 17, 2023, if the Degollados had filed a motion for extension of time with this Court and a notice of appeal in the trial court, within fifteen days of the deadline. *See id.* R. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997) (holding that motion for extension of time to file notice of appeal is implied when appellant, acting in good faith, files notice of appeal within fifteen-day extension period allowed by rules of appellate procedure). The Degollados did not file their notice of appeal until September 12, 2023.

Because the Degollados' notice of appeal was untimely, this Court does not have jurisdiction over this appeal.[1] Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed: October 6, 2023

---

[1] In their response to the motion to dismiss, the Degollados suggest that their notice of appeal is timely because it was filed within thirty days of the trial court's denial of their motion for new trial and because the trial court's ruling on their motion for new trial is the subject of their appeal. However, an order denying a motion for new trial is not independently appealable. *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 Tex. App. LEXIS 8660, at *3 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.) (per curiam). "An appeal must be taken from the final judgment, not the refusal to reconsider that judgment." *Id.* Moreover, the deadline for filing a notice of appeal does not run from the date of the denial of a motion for new trial, but rather from the date of the signing of the final judgment. *North Cent. Baptist Hosp. v. Chavez*, No. 04-20-00590-CV, 2021 Tex. App. LEXIS 1976, at *2-3 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.) (citing *Meuth v. Meuth*, No. 03-18-00860-CV, 2018 Tex. App. LEXIS 10926, at*1 n.1 (Tex. App.—Austin Jan. 25, 2019, no pet.) (mem. op.)); *Rubio v. Harris Cty. Dep't of Educ.*, No. 14-19-00545-CV, 2019 Tex. App. LEXIS 9543, at *6 (Tex. App.—Houston [14th Dist.] Oct. 31, 2019, no pet.) (per curiam) (mem. op.).