

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00369-CV

---

### IN THE MATTER OF THE MARRIAGE OF THOMAS JENKINS, JR. AND JENNIFER MORGAN JENKINS

---

On Appeal from the 395th District Court
Williamson County, Texas
Trial Court No. 21-2962-F395, Honorable Ryan D. Larson, Presiding

---

November 7, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Thomas Jenkins, Jr., appeals from the trial court's *Final Decree of Divorce*. We dismiss the untimely appeal for want of jurisdiction.

The trial court signed the divorce decree on July 24, 2023. Appellant subsequently filed a request for findings of fact and conclusions of law and a motion for new trial. Both were filed untimely, however. Under Rule of Civil Procedure 296, a request for findings is due within twenty days after the judgment is signed. Appellant's request for findings was, therefore, due by August 14, 2023, but was not filed until August 21. *See* TEX. R. CIV. P. 4, 296. A motion for new trial is due within thirty days after the judgment is signed, here, by August 23, 2023. *See* TEX. R. CIV. P. 329b(a). Appellant filed his motion for new

trial on August 24, 2023. Because the request for findings and motion for new trial were untimely, they did not operate to extend the notice of appeal deadline. *See* TEX. R. APP. P. 26.1(a) (requiring a notice of appeal to be filed within thirty days after the signing of the judgment or within ninety days if a motion for new trial, motion to modify the judgment, or request for findings of fact and conclusions of law is timely filed). Appellant's notice of appeal was, thus, due within thirty days after the judgment was signed, by August 23, 2023. Appellant filed a notice of appeal on September 26, 2023.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See Verburgt*, 959 S.W.2d at 616–17; TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

By letter of October 12, 2023, we notified Appellant that his notice of appeal appeared untimely and directed him to file a response by October 23 showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. To date, Appellant has not a filed a response or had any further communication with this Court.

Accordingly, the appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam