# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00167-CV

---

**Luz Marie Connally, Appellant**

**v.**

**Kenneth Mannas, Independent Executor of the Estate of Robert Walter Mannas, Appellee**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-16-001213, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellee Kenneth Mannas, Independent Executor of the Estate of Robert Walter Mannas, has filed a motion to dismiss this appeal. Mannas asserts that appellant Luz Marie Connally failed to timely file a notice of appeal and that, consequently, this Court lacks jurisdiction.

The timely filing of a notice of appeal is necessary to invoke this Court's appellate jurisdiction. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding) (explaining that requirement of timely notice of appeal is jurisdictional); *see* Tex. R. App. P. 25.1(b) (appeal perfected when notice of appeal is filed). A notice of appeal generally must be filed within thirty days after the judgment is signed. Tex. R. App. P. 26.1. However, the deadline to file a notice of appeal is extended to ninety days after the judgment is signed when a party timely files a motion for new trial. *Id.* R. 26.1(a)(1).

The record in this case reflects that the probate court signed an order on November 21, 2023, granting a motion for summary judgment filed by Mannas and dismissing the

cause with prejudice.  On December 20, 2023, Connally filed a motion for new trial.  Therefore, assuming without deciding that the probate court's summary-judgment order is otherwise final and appealable and that Connally's motion for new trial was timely and extended her appellate deadline, the deadline for Connally to file her notice of appeal from the judgment was February 19, 2024.  *See id.* (notice of appeal deadline extended to ninety days after judgment is signed when motion for new trial is filed).  That deadline might have been extended to March 5, 2024, if Connally had filed a motion for extension of time with this Court and a notice of appeal in the probate court within fifteen days of the deadline.  *See id.* R. 26.3 (providing that appellate court may extend time to file notice of appeal if, within fifteen days after deadline for filing notice of appeal, party files notice of appeal in trial court and motion to extend time in appellate court); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997) (holding that motion for extension of time to file notice of appeal is implied when appellant, acting in good faith, files notice of appeal within fifteen-day period allowed by rules of appellate procedure).  Connally did not file a notice of appeal until March 6, 2024.  Connally filed a motion for extension of time to file a notice of appeal on March 8, 2024, requesting that we extend the deadline for filing the notice of appeal to March 6, 2024.

Because Connally's notice of appeal was untimely, this Court does not have jurisdiction over this appeal.  *See* Tex. R. App. P. 25.1(b); *In re United Servs. Auto Ass'n*, 307 S.W.3d at 307.  Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).  We deny Connally's motion for extension of time to file a notice of appeal and dismiss all other pending motions as moot.

2

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed:   August 28, 2024