

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00097-CV

IN RE: ESTATE OF SHERRI MICHELE GILLETTE, DECEASED

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 111774-C-CV, Honorable Ana Estevez, Presiding

April 15, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Paul Gillette, proceeding pro se, appeals from the trial court's *Final Summary Judgment*. We dismiss the untimely appeal for want of jurisdiction.

The trial court signed the summary judgment on December 3, 2024. Notice of appeal was due within thirty days after the judgment was signed or within ninety days upon the timely filing of a motion for new trial. TEX. R. APP. P. 26.1(a). To be timely, a motion for new trial was due within thirty days after the judgment was signed, by January 2, 2025. *See* TEX. R. CIV. P. 329b(a). Gillette filed a "Motion for New Trial/Motion to Vacate Final Judgment" on January 31, 2025. Because the motion for new trial was untimely, it did not extend the notice of appeal deadline. A notice of appeal was,

therefore, due within thirty days after the judgment was signed, by January 2, 2025. Gillette did not file a notice of appeal until March 6, 2025.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See Verburgt*, 959 S.W.2d at 616–17; TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

By letter of March 14, 2025, we notified Gillette that his notice of appeal appeared untimely and directed him to file a response by March 24 showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. To date, Gillette has not a filed a response or had any further communication with this Court.

Accordingly, the appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam