

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00482-CV

Ramiro G. **MELENDREZ** and Alicia Melendrez,
Appellants

v.

**BEXAR COUNTY TAX ASSESSOR-COLLECTOR**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-23328
Honorable Benjamin Robertson, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: June 4, 2025

DISMISSED FOR WANT OF JURISDICTION

Appellants, Ramiro G. Melendrez and Alicia Melendrez, attempt to appeal the trial court's Order Granting Defendant Bexar County Tax Assessor-Collector's Plea to the Jurisdiction and Motion to Dismiss. An appeal from such an order is accelerated. *See* TEX. CIV. P. & REM. CODE ANN. § 51.014(a)(8); TEX. R. APP. P. 28.1. The trial court signed the order on June 24, 2024. The notice of appeal was therefore due on July 15, 2024, and a motion for extension of time to file the notice of appeal was due on July 30, 2024. *See* TEX. R. APP. P. 4.1(a), 26.1(b), 26.3.

Appellants filed their notice of appeal on July 16, 2024—after the deadline for filing the notice of appeal, but within the time allowed for filing a motion for extension of time to file the notice of appeal. Appellants did not, however, file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 10.5(b)(1)(C), 26.3.

We therefore ordered the appellants to file a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. We further notified the appellants that we would dismiss this appeal if they failed to respond within the time provided. Nevertheless, the appellants failed to respond.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Perdew v. Am. Bank of Commerce*, No. 01-24-00494-CV, 2024 WL 3940828, at *2 (Tex. App.—Houston [1st Dist.] Aug. 27, 2024, no pet.) (mem. op.); *Porter v. State*, No. 04-16-00429-CV, 2016 WL 4208113, at *1 (Tex. App.—San Antonio Aug. 10, 2016, pet. denied) (mem. op.); *see also* TEX. R. APP. P. 42.3(c). We dismiss any pending motions as moot.

PER CURIAM